# Howle *et al.* v. Scarbrough.

*Bill in Equity to enjoin Officer of Corporation.*

1. *Injunction; when properly dissolved.*—Where a bill is filed to enjoin the defendant from exercising the functions of president and director of a corporation, and it is averred therein that the defendant had sold all of his stock in said corporation, and tendered his resignation as president thereof and as a member of the board of directors, and that he had no interest in said company, and the defendant files a verified answer in which he denies that he tendered his resignation as an officer of the corporation, and further denies that he is not a stockholder and director and that he has no interest in the company, as charged in the bill, but avers that he is a stockholder and director, at the time of the filing of his answer, the temporary injunction issued upon the filing of the bill is properly dissolved upon the sworn denial of the answer, and the fact that said answer contained no specific denial as to the charge of his having sold his stock, is immaterial.

2. *Equity pleading; when motion to strike answer not considered.* After submission of a cause in a court of chancery for decree, upon a motion to dissolve the temporary injunction upon the denials of the verified answer, a motion made by the complainant to strike the answer from the file comes too late, and should not be considered.

[Howle *et al.* v. Scarbrough.]

APPEAL from the City Court of Anniston, in Equity. Heard before the Hon. THOMAS W. COLEMAN, JR.

The bill in this case was filed by the appellants, P. A. Howle and W. C. Scarbrough, as stockholders and directors of the Anniston Mercantile Company, a corporation, organized under the laws of Alabama, against appellee, W. A. Scarbrough.

It was averred in the bill, as amended, that the business of the Anniston Mercantile Company was under the management and control of a board of directors, consisting of five members, of which the complainants and defendant had been elected members; that W. A. Scarbrough, the defendant, was elected president of the Anniston Mercantile Company; that after said election and before the filing of said bill, that said Scarbrough sold and disposed of all of his shares of stock, and now has no interest therein; that subsequent to the sale of his said stock, the defendant, W. A. Scarbrough, tendered to the board of directors of said company his resignation as a member thereof, and as president. It was then averred that although the defendant had sold his said stock, and tendered his resignation as president of said company, and as a member of its board of directors, he had called a meeting of the directors of the said company, and that by reason of pending litigation between certain stockholders of said company, the complainants believe that the purpose of the special meeting, so called by the defendant would be detrimental to the interest of the complainants, and in contravention of the by-laws of said company, and by reason of said sale of the stock and disposition of his interest in said corporation, the said defendant was ineligible and disqualified under the laws to exercise the powers and privileges he was seeking to discharge.

The prayer of the bill was that the defendant, Scarbrough, be enjoined from attempting to discharge the duties of director, or officer of the Anniston Mercantile Company. Upon the filing of the bill a temporary injunction was issued; and, to the amended bill, defendant filed an answer which denied all the material allegations of the bill, except there was no specific denial of the charge as to his having sold the stock. The answer

of the defendant was duly verified. The defendant moved to dissolve the injunction, upon the sworn denial to the answer. After the submission of the cause for a decree upon the motion to dissolve the injunction upon a denials of the answer, plaintiff moved to strike the answer from the file. The chancellor rendered a decree, granting the motion to dissolve the injunction; and, in said decree, adjudged that the motion to strike the respondent's answer to the amended bill, "having been filed after submission, should not be considered for any purpose on this submission."

The defendants appeal and assign as error the rendition of this decree.

Ross Blackmon, for appellants, cited.—*M. & M. Ry. Co. v. A. M. Ry. Co.*, 123 Ala. 145; *Trump v. McDonald,* 112 Ala. 256; *Henry v. Watson,* 109 Ala. 335; *Davidson v. Weems, Exr.,* 58 Ala. 187.

Lapsley & Martin and J. J. Willett, *contra.*

DOWDELL, J.—The appeal in this case is taken from the decree of the court dissolving the temporary injunction, theretofore granted. The motion to dissolve was predicated solely upon the denials in the sworn answer. The record shows that the submission for decree was had on the 13th day of March, 1903, on the motion of the respondent to dissolve the injunction upon the denials of the answer filed March 13th, 1903, to the original bill as amended by amendment filed March 13th, 1903. The answer filed March 13th, 1903, and upon the denials of which the motion to dissolve was made, showed on its face to have been duly and properly verified. By this answer all of the material allegations of the bill were denied. It denied that the respondent had tendered his resignation as an officer of the corporation, as alleged in the bill, and it also denied that the respondent was not a stockholder and director and that he had no interest in the company as charged in the bill, and averred that he was a stockholder and director both at the time of the filing of the

bill and the filing of his answer. The bill itself stated that the respondent had been elected a director and president of the company, but charged that he sold his stock in the concern after he had been so elected. There is no specific denial of the charge as to his having sold his stock, but this allegation becomes immaterial, since the sale of his stock would not *ipso facto* vacate his office as director and president, and he was a stockholder at the time of the filing of the bill.—*Nathan v. Tompkins,* 82 Ala. 437.

. After the submission of the cause for decree, the complainants filed a motion to strike the amended answer from the file. The court declined to consider the motion for any purpose on the submission. The action of the court in this respect was proper and free from error, since after the submission of the cause for decree, and while the same was still under the order of submission, the motion to strike the answer came too late and could form no part of the pleadings then on submission.

There is no error in the decree rendered, and the same will be affirmed.