[Harrison *et al.* v. Maury.]

# Harrison *et al. v.* Maury.

*Bill in Equity to have a Deed declared a Mortgage, and for an Injunction.*

1. *Equity jurisdiction; repugnancy between original and amended bill; demurrer.*—Where a bill as originally filed seeks to obtain equitable relief by reason of equities averred to exist in favor of the complainant, by virtue of his relation as a vendee, if, by amendment to such bill, the complainant seeks relief by the assertion of an equity averred to exist in his favor as a mortgagor of the land referred to in the original bill, there is a repugnancy and inconsistency between the original and amended bill, which prevents the granting of relief; and said objection to the bill can be raised by demurrer.

2. *Injunction; when ex parte affidavits considered on motion to dissolve.*—It is only where injunctive relief is sought to prevent waste or analogous cases on like principles, that *ex parte* affidavits are allowed to be received to overturn or contradict the sworn denials in the defendant's answer, and in those cases where such *ex parte* affidavits are not allowable on the part of the plaintiff, the court should not entertain and consider *ex parte* affidavits filed by the defendant.

APPEAL from the Chancery Court of Choctaw.

Heard before the Hon. THOMAS H. SMITH.

The bill in this case was filed by the appellants, A. S. Harrison and George W. Harrison, against the appellee, D. H. Maury. The bill as originally filed averred that the complainants purchased certain described lands from one Phillips, to secure the purchase price of which they executed a mortgage thereon to said Phillips; that upon being unable to pay the purchase money notes secured by said mortgage when they matured, they entered into an arrangement and agreement with the respondent by which he paid the mortgage deed to Phillips, and the complainants executed to the defendant, Maury, a deed to said lands; that said Maury thereupon agreed to sell to the complainants said lands at a speci-

fied price, for which the complainants executed to said Maury their note; that said Maury thereupon executed to the complainants a bond for title, which stipulated upon the complainants' paying to said Maury the amount specified in the note which they had executed, he would execute a deed to them, conveying said lands; that the bond for title also contained the stipulation that in the event complainants did not pay the amount so provided by the deed on the maturity of their note, they would pay a stipulated sum as rent for said land. It was then averred in the bill that said transaction was intended to give the complainants the right to repurchase said lands, and that just before the maturity of said note, and the day fixed in the bond for title for the payment of the purchase price agreed upon, the complainants went to the brother of the defendant (the latter being out of the State), and delivered to him as agent of defendant a certain number of bales of cotton, and stated that they were in part payment of the purchase price of said lands, and that they, the complainants, were prepared to pay the balance of the said purchase price on the day fixed; that said agent of the defendant stated to them that there was no need of the payment of the balance due at that time, and that the defendant would extend the time of payment; and that by reason of such representation the complainants did not pay the balance of the purchase price for the land on the day fixed. The complainants further averred that subsequent to that time the defendant notified them that he claimed the lands as his own, and that they must pay rent for the same, if they wished to retain possession of it; that by reason of the deceit practiced upon them by the defendant and his agent, they were about to be deprived of said lands; and the complainants averred their ability to pay the amount due upon said lands, and asked for an accounting, and that the deed be declared void as against them, and that upon their payment of the amount ascertained to be due, the title to said lands be declared vested in them.

The defendant demurred to the bill as originally filed upon several grounds. Subsequently the complainants amended their bill by averring in addition to the averments contained in the original bill, the further facts that the original transaction between them and the defendant was intended as, and as a matter of fact, was a mortgage given by them to the defendant to secure the payment by them of the amount which the defendant had paid to the said Phillips at the instance of the complainants. It was also averred in the bill as amended that the defendant had ousted the complainants by action of unlawful detainer, and that he had also instituted an attachment suit against them, and had a writ of attachment levied upon certain cotton which they had raised. It was further averred in the bill as amended that the defendant was insolvent. The prayer of the amended bill asked for an accounting, and that the transaction between them and the defendant be declared a mortgage, and upon the payment of the amount ascertained to be due, that the deed from them to the defendant be declared null and void; the complainants also prayed for the issuance of an injunction restraining the defendant, or his agents, from further prosecuting the attachment suit, and for the appointment of a receiver.

The defendant filed a sworn answer, denying fully and specifically the material averments of the bill. They also demurred to the bill as amended upon the ground that it was repugnant and inconsistent with the bill as originally filed, and was a departure from the cause of action as stated in the original bill.

The defendant also filed several affidavits, corroborating the averments of fact as set forth in their answer. The defendant moved to dissolve the injunction upon the sworn denials of the answer.

On the submission of the cause upon the demurrers and the motion to dissolve the injunction, the chancellor sustained the demurrers, and granted the motion to dissolve the injunction, and ordered accordingly. From this decree the complainants appeal and assign the rendition thereof as error.

[Harrison *et al.* v. Maury.]

ELMORE & HARRISON, for appellants.

G. W. TAYLOR, *contra.*

SHARPE, J.—By the bill as first filed it is made to appear that defendant Maury bought the notes secured by complainants' mortgage to Phillips on the lands in controversy, and that thereafter pursuant to an agreement, complainants executed a deed to Maury for the lands and a note for a sum they agreed to pay him as for a purchase of the lands, and received his bond stipulating for a conveyance of the lands back to them if the note was paid at maturity and for the payment of rent by complainants if they failed to pay the note at that time. The effect of these transactions, if had, was to make defendant Maury the vendor of the complainants, and the assumed equities of the bill as it then stood were no other than such as pertained to complainants as vendees of Maury.

In the amended bill the averments of the above mentioned facts are retained, and others are added which purport to show not that defendant Maury was owner of the Phillips notes, but that he made a loan of money to complainants wherewith to pay those notes under an agreement that the writings passing between them as above mentioned, should operate solely as a mortgage to secure a sum supplied by D. H. Maury in paying the Phillips notes; and an equity is asserted as existing in favor of complainants as mortgagors of the land.

The relation of vendor and vendee is essentially different from that of mortgagor and mortgagee. The averments of the bill by setting up in effect both that the contract between complainants and defendant was for the creation of the first and also for the second of those relations, are made inconsistent with each other. This defect though curable by amendment renders the bill subject to the demurrer.—*Friedman v. Fennell*, 94 Ala. 570.

Prosecution of Maury's attachment suit would not be any act of waste or in the nature of waste within the rule which allows the use of affidavits in opposition to

a motion to dissolve an injunction, and hence the affidavits submitted on the hearing are not proper for consideration.—*Barnard v. Davis*, 54 Ala. 565. The material facts on which the asserted right to injunctive relief is founded are fully and positively denied by the answer and the answer is verified by a positive affidavit. The denials so made justify the dissolution of the injunction. *Barnard v. Davis, supra; Hays v. Ahlrichs*, 115 Ala. 239.

Affirmed.