# Johnson, *et al.,* *v.* Howze, *et al.*

### *Injunction.*

(Decided Feb. 5, 1908.   45 South. 653.)

1. *Injunction; Dissolution; Ground for.*—Where bill is filed seeking to enjoin respondents from acting as officers of a lodge alleging that complainants were the rightful officers and that the respondents were guilty of misconduct, and the answer thereto denies the material allegations of the bill, the temporary injunction issued thereon is properly dissolved, unless it is apparent that irreparable injury will result, or the peculiar conditions justifies its continuance.

2. *Same.*—Where the answer denies every material allegation of the bill it cannot be assumed that the allegations of the bill are true, or that irreparable injury will result, and since the continuance of the injunction would not restore harmony between the contestants or be otherwise beneficial, the temporary injunction was properly dissolved.

APPEAL from Jefferson Chancery Court.

Heard before Hon. ALFRED H. BENNERS.

Bill by C. A. Howze and others against C. F. Johnson and others. From an order dissolving a temporary injunction, complainants appeal. Affirmed.

FRANK S. WHITE & SONS, and CALDWELL & CARMICHAEL, for appellant. The courts will interfere to protect property rights and to compel an accounting in matters of this kind.—*Otto v. Journeymen Tailors,* 7 Am. St. Rep. 160; *Burke v. Roper,* 79 Ala. 143; *Gieske v. Anderson,* 77 Cal. 247; *Watson v. Jones,* 13 Wall. 679; *Fitts v. Jones,* 59 Am. Dec. 711; *Connolly v. Masonic Asso.,* 18 Am. St. Rep. 100; Bacon Benef. Soc. secs. 61 and 77. The majority in order to bind the minority by its act must comply with every formality which is prescribed by the charter or articles of association or by the custom of the companies or association.—*Hoffner v. Grand Lodge,* 13 Mo. App. 351; *McCabe v. Goodfellow,*

17 L. R. A. 204, and note; *Dist. Trust Co. v. I. Green,* 17 Ib. 202.   The decisions of the tribunal upon the legality or validity of the Florence meeting is conclusive and binding on this court.—*Watson v. Jones, supra; Connolly v. Masonic Asso., supra; Otto v. Journeymen Tailors, supra; Jaliff v. Grand Lodge,* 22 Atl. 63.   See, also, the following authorities.—39 Mo. App. 583; 30 N. Y. Supp. 885; 65 Barb. 357; 30 Am. Dec. 263; 8 L. R. A. 195; 12 N. J. Law, 206; 89 Ind. 136; 45 Am. Rep. 449; 49 L. R. A. 256; 59 Md. 98; 86 Ill. 598; 111 Mass. 185.

H. H. GOLDSTEIN, and L. C. LEADBEATTER, for appellee.   The denials of the answer are full and unequivocal and entitled the defendant to a dissolution of the injunction.—*Turner v. Stevens,* 106 Ala. 545; *Haigler v. Jones,* 100 Ala. 362; 109 Ala. 335; 94 Ala. 372; 61 Ala. 105; 126 Ala. 145.   The injunction should have been dissolved.—*Harrisan v. Yerby,* 87 Ala. 187.   Counsel go into the merits of the controversy without citation of authority.

McCLELLAN, J.—The only question presented for review on this appeal is the propriety of the action taken below in the dissolution, on the denials of the answer, of the temporary injunction issued.   The bill is grounded upon a contest between complainants and respondents as to who were the officers de jure of Grand Lodge No. 23 of the Grand United Order of Odd Fellows of America.   Asserting their equal right to the several offices described in the bill and to the funds committed by the laws of the order to such officers, the complainants seek to invoke the powers of the court of equity to restrain the respondents, who are denounced as usurpers, from exercising the functions and performing the duties of

such offices, and to require of the respondents an accounting with complainants as the true tenants of such officers. The bill further charges the respondents with serious misconduct in respect of the funds belonging to the mentioned order. The bill and answers are voluminous in the extreme; but it will suffice to say that every material allegation contained in the bill is unequivocally denied, and that in full recital of the facts in the premises. Under such circumstances, a respondent is entitled to a dissolution of an injunction, unless it is apparent irreparable mischief will probably follow the dissolution, or some peculiar conditions exist justifying a departure from the general rule stated.—*Turner v. Stephens*, 106 Ala. 546, 17 South. 706.

We are of the opinion that the exception described is not present in this cause. As indicated, the gist of the controversy is which set of officers is entitled to the positions, and, therefore, to the funds received, receivable, and to be disbursed under the rules and regulations of the order. Whether the one set or the other is finally found thus entitled, the only mischief, aside from the misappropriations of the funds charged on the one side and with explicit and full allegations denied on the other, to which the order will be subjected, is that always incidental to such factional contests as this is shown to be. The continuance of the injunction could not operate to induce harmony and allay strife under such circumstances, and the injury to the order consequential upon the existence of the state of hostility thus pervading almost the whole membership of the order in this state is, and must necessarily be, beyond the effect of any order or judgment of the civil courts. It cannot be assumed, in the face of the denials of the answer, that the misconduct charged against the respondents in the handling of

the funds belonging to the order are true, or that irreparable injury will attend, or even has attended, the reception by respondents of funds drawn from the membership under the rules of the association. We entertain no doubt of the correctness of the order of dissolution entered below; and it is affirmed.

Affirmed.

Tyson, C. J., and Dowdell and Anderson, JJ., concur.