# Hall, *et al.* v. Atlanta, B. & A. R. R. Co.

*Bill to Enjoin the Building of Railroads Across Alley.*

(Decided June 30, 1908. Rehearingn denied Jan. 14, 1909.
48 South. 365.)

1. *Injunction; Dissolution on Answer; Sufficiency.*—Where an answer denies such averments of the bill as are essential to give it equity, but fails to deny details leading up to the main allegations, such answer is sufficient to justify the dissolution of a preliminary injunction.

2. *Same; New Matter.*—The allegation in the answer that the alleys have been vacated by legislative act, and that the railroad constructing the embankment is the owner of the land, may be considered on a motion to dissolve the temporary injunction granted on a bill seeking to enjoin the obstruction of such alleys, as against the objection that the matter set up is new matter.

[Hall, et al. v. Atlanta, B. & A. R. R. Co.]

3. *Eminent Domain; Taking of Property.*—Subject to the limitation that it shall not deprive property owners along the street of a convenient and reasonable outlet to neighboring thoroughfares, the legislature may vacate streets by direct act, or authorize municipal authorities to do so, and a property owner does not bring himself within the protection of section 235, Constitution 1901, unless he shows that he is an abutting owner; hence, a statute vacating the alley without depriving the property owners of a reasonable outlet is not invalid.

4. *Same; Injury to Property.*—Property owners who are merely deprived of the right to travel over an alley which has been vacated by legislative enactment are not injured by the construction of an embankment thereon by a railroad.

APPEAL from Bessemer City Court.

Heard before Hon. WILLIAM JACKSON.

Bill by Jno. A. Hall against the Atlanta, Birmingham and Atlantic Ry. Co. and another to enjoin the obstruction of streets and alleyways, until compensation paid. From a decree dissolving a temporary injunction complainant appeals. Affirmed.

ESTES, JONES & WELCH, for appellant. The equity of the bill can be sustained on the following grounds: 1st, that the acts of the respondent constitute the taking or injuring of property for public use without making just compensation therefor. 2nd, that the respondents are constructing a nuisance in certain highways of the city of Bessemer which work special injury to complainant different in kind from that suffered by the public generally. 3rd, irreparable injury, without compensation. 4th, the construction or operation of a public utility across public streets without compensation to the abutting proprietors for the actual damage done. On the 1st proposition, they cite.—Const. 1901, sec. 223, 227 and 235; *Lemle v. City of Montgomery,* 121 Ala. 609; *City of Montgomery v. Maddox,* 89 Ala. 181; s. c. 84 Ala. *City of Montgomery v. Townsend,* 80 Ala. 489; *B. R. L. & P. Co. v. Oden,* 146 Ala. 495; *Neihaus v. Cook,* 134 Ala. 223; 99 Ala. 24; 119 Ala. 129; 118 Ala. 66; 82 Ala. 193; 123 Ala. 160; 96 Ala. 272. To the 2nd proposition,

they cite.—*Johnson v. Sloss-Sheffield Co.*, 41 South. 903. To the 3rd proposition they cite no authority. To the 4th proposition they cite the following.—*C. & W. Ry. Co. v. Witherow*, 82 Ala. 190; *City of Montgomery v. Townsend, supra; W. Ry. of Ala. v. A. G. T. Ry. Co.*, 96 Ala. 272; 45 Ark. 429; 7 A. & E. R. R. Cases, 593; Elliott on Roards & Streets, 813. Counsel discuss other matters with citations of authority not necessary to be here set out.

TILLMAN, GRUBB, BRADLEY & MORROW, for appellee. The provisions of the Constitution preventing corporations invested with the right of eminent domain from injuring property without making compensation therefor were ordained to prevent a corporation shielding itself against liabilities for damage, consequent upon the work, on the legislative authority, and to make it answerable as an individual in the absence of legislative authority.—8 L. R. A. 787; 80 Ala. 489; 109 Am. St. Rep. 889; 57 L. R. A. 237; 4 Am. St. Rep. 659; 47 L. R. A. 755; 28 Am. St. Rep. 396; 124 Cal. 274; Lewis Eminent Domain, sec. 236. On these same authorities, property is not injured within the purview of section 235 of the Constitution unless the owner thereof would have a right of action therefor at common law against a natural person or private corporation; nor is property injured within the purview of the provisions of the Constitution requiring the prepayment of compensation therefor, unless some property right or interest which the owner enjoys in connection with the property and not shared or enjoyed by the public at large, is injuriously affected. Property is not injured within the purview of the provisions of the Constitution requiring prepayment of compensation for the permanent obstruction of a highway upon

.18—8

which the property abuts unless the property in question either abuts that part of the highway which is taken or obstructed, or unless the right of access to such property is materially impaired or destroyed.—Authorities supra; *Southern Ry. v. Albes,* 45 South. 244; *Jackson v. Birm. F. & M. Co.,* 45 South. 660; *Mobile R. R. Co. v. Dennis,* 137 Ala. 649. A private individual is not entitled to an action for damages arising from a common or public nuisance unless he sustains a special iinjury different in kind from that suffered by the public generally.—21 A. & E. Ency of Law, 713. A property owner does not suffer an injury different in kind from that suffered by the public at large by the obstruction of a highway upon which his property abuts unless his right of access to his property is destroyed or unless his property abuts that part of the highway which is obstructed.—*Mobile R. R. Co. v. Fennis,* 137 Ala. 649 *Buhl v. Ft. Street U. Depot Co.,* 23 L. R. A. 392; *Dantzler v. Indianapolis Un. St. Ry. Co.,* 34 L. R. A. 769; *Stanwood v. City of Malden,* 16 L. R. A. 591; *Whitsett v. St. Louis,* 107 Mo. 204; *McGee's Appeal,* 114 Pa. 477; 339; *East St. Louis v. O'Flynn,* 119 Mo. 200; 59 Am. Rep. 795; *Smith v. Boston,* 7 Cush. 254 Mass; *Glasgow v. St. Louis,* 107 Mo. 204; *McGee's Appeal,* 114 Pa. 477; *Chicago v. Union Bldg. Assn.,* 102 Ill. 379; *Parker v. Catholic Bishop,* 146 Ill. 158; *Aldrich v. Metropolitan, etc., Ry.,* 57 L. R. A. 237; *Cram v. Laconia,* 57 L. R. A. 282; *Heller v. R. R.,* 28 Kan. 625; *Levee Dist. No. 9 v. Everly,* 59 Am. Rep.; Elliott on Roads & Streets, (2nd Ed.) 877. The bill does not make out a case for relief.— *Mobile, etc., R. R. Co. v. Dennis, supra.* The plenary power of the Legislature over streets and highways is such that it may in the absence of special constitutional provisions vacate or discontinue them.—*Southern Ry. Co. v. Albes, supra; Jackson v. Bir. F. & M. Co., supra.*

A property owner cannot as·ail the constitutionality of the act of the Legislature vacating a highway unless his property abuts upon that part of the highway which has been vacated.—*Southern Ry. Co. v. Albes, supra; N. & O. D. B. T. Co. v. Karcher*, 112 Ala. 676; Lewis on Eminent Domain, sec. 134; Elliott on Street & Roads, sec. 877. The closing of one public way to property does not give the owner thereof a right of action if another way is left open.—*Southern Ry. Co. v. Albes, supra;* 43 N. Y. 399; 55 N. Y. 486; 101 N. Y. 417; 11 Gray, 326; 119 Ill. 206; 15 R. I. 334.

SIMPSON, J.—The bill in this case was filed by the appellants against the appellees, alleging that complainants are the owners of certain lots in Bessemer, Ala., some fronting on Arlington avenue and abutting on an alley between Arlington and Berkley avenues, and some abutting on an alley between Arlington avenue and Carolina avenue; that respondents are constructing, or are about to construct, across said Arlington avenue and said alleys, a fill or other obstruction, upon which is to be run a line of railroad, said fill to be about 30 feet high, blocking the whole of said avenue except about 30 feet in the center, and completely blocking one end of the alleys, thus causing irreparable injury and damage; and also that it will create a public and private nuisance in said public highways. The bill prays for an injunction restraining the construction of said work. The preliminary injunction was granted, and on the coming in of the answer was, on motion, dissolved. It is from this decree that the appeal is taken.

The answer, while admitting the formal parts of the bill as to names of parties, location of streets, ets., denies that there is any intention to make a fill across Arlington avenue, alleging that the purpose is to cross that avenue

by a viaduct, at an elevation of 30 feet, supported by abutments on either side, on the property of respondents, but that they do propose to make a fill across one alley, about 25 feet high; but it alleges that the lots on each side of said alley, at the point of crossing, belong to respondents, and that complainants' lot (15) is 200 feet distant, and also that respondents are the owners of the lots on either side of the other alley (in block B), and also that there will be a fill at the end of this alley similar to the other, but that the abutting land belongs to respondents, and said alleys have been vacated by act of the Legislature approved July 31, 1907, which is attached as an exhibit. A plat of the various blocks and lots is attached as an exhibit, showing the line of the railroad, passing entirely through the lands of respondent, and that the lots of complainants have ingress and egress both through the other end of said alleys and through Arlington avenue. There are also general denials of the alleged injury and damage, and it is averred that the complainants will not sustain any special damage, other than that which applies to other citizens, and that said respondent railroad company is entirely solvent, and that said railroad was being constructed in accordance with authority granted by the city of Bessemer. The complainants filed exceptions to that part of the answer setting up the act of Legislature and the ordinance of the city, claiming the same to be unconstitutional.

It is contended by appellants that the answer does not deny the material allegations of the bill, and they cite, as instances of such failure, that the answer fails to deny "the ownership of the property," etc. The law does not require that every allegation which, in connection with others, would form a chain of materiality, must be denied; for, if that were the law, an injunction

could never be dissolved on account of the denials of the answer, since in every case there are numerous details leading up to the main allegations of the complaint, which cannot be denied. If the averments, without which there would be no equity in the bill, are denied, that is a sufficient denial.—10 Ency. Pl. & Pr. 1067; *Rogers v. Bradford et al.*, 29 Ala. 474; *Moore v. Barclay*, 23 Ala. 739; *Rice v. Tobias*, 83 Ala. 348, 3 South. 670; *Howle et al. v. Scarbrough*, 138 Ala. 148, 35 South. 113. It becomes necessary, then, to consider the question of the validity of the act of the Legislature vacating the alleys; for manifestly, if that act be valid, there was no alley at the point indicated, but the property therein had reverted to the defendants, who own the abutting property on each side.

This matter has been so recently considered by this court it seems useless to cite the numerous authorities elsewhere on the subject. This court has held distinctly that the Legislature has the power to vacate streets, either by direct act, or by act authorizing the municipal authorities to do so, and that a property owner does not bring himself within the protection of section 235 of the Constitution of 1901, unless he shows that he is an "abuting owner."—*Southern Ry. Co. v. Albes*, 153 Ala. 523, 45 South. 234. 135; *Jackson v. Birmingham Foundry, etc., Co.*, 154 Ala. 464, 45 South. 660. Beyond the abutting owner, the only limit to the power of the Legislature to abolish a street is that the property owners along the street shall not be deprived of a "convenient and reasonable outlet to neighboring thoroughfares."—*Jackson v. Birmingham, ets., Co., supra;* Elliott on Roads & Streets (2nd Ed.) § 878. The bill in this case does not claim that complainants have been deprived of a reasonable outlet, but only that one end of the alley is obstructed. This act, then, is not violative of section 235 of the Constitution of 1901.

It cannot be said that this is new matter set up in the answer, which cannot be considered on a motion to dissolve; for the gist of the answer on this point is a denial of the allegation that said railroad crosses an alley at all, the same having been abolished by the Legislature. It follows, then, that the argument and authorities on the subject of nuisances on a public street or alley have no application in so far as the supposed alleys are concerned; for it is denied that there are any such alleys at said point.

In so far as Arlington avenue is concerned, the answer denies any intention to obstruct it.

It cannot be said that complainants' property has been in any way injured by the construction of the railway, not over any alley, but simply over the land of respondents, as it is not charged that any injury accrued to said property by the embankment, other than the deprivation of the right to travel over the property (in common with every other citizen), which had been destroyed by the vacation of the alleys.

The decree of the court is affirmed.

TYSON, C. J., and DOWDELL and DENSON, JJ., concur.