# Crofford, *et al. v.* Atlanta B. & A. R. R. Co.

*Bill to Enjoin Obstruction of Alley, and Encroachment on Easement of Light, Air and View.*

(Decided June 30, 1908. Rehearing denied Jan. 14, 1909. 48 South. 366.)

1. *Municipal Corporations; Obstruction of Street; Public Nuisance; Authorized Structure.*—A viaduct built over a street, authorized by municipal ordinance and built in conformity thereto, is authorized by law and not a public nuisance.

2. *Same; Injuring Property; Obstruction of Street.*—A viaduct which arches the street thirty feet over the head, and which leaves a passage-way thirty feet wide in the center of the street for public travel, does not deny to abutting property owners the right of access on the street to and from their property.

3. *Easement; Light Air and View.*—One may construct or build on his own land a structure which will cut off the view, light and air of the adjacent owner; as the doctrine of easement in light, air and view as against an adjacent landowner is not recognized, though such right is based on a claim by prescription.

[Crofford, et al. v. Atlanta B. & A. R. R. Co.]

4. *Eminent Domain; Injury to Property.*—The building by a railroad of an embankment on its own land, and the constructing of a viaduct authorized by municipal ordinance, which arches the street overhead thirty feet and leaves a passageway thirty feet in the center of the street for public travel, and which furnishes the only feasible way of crossing the street, is not such a taking of the property of abutting owner fifty feet or more distant from the construction as is prohibited by section 235, Constitution 1901.

5. *Nuisance; Acts Authorized by Law.*—A structure erected under authority of law is not a public nuisance.

APPEAL from Bessemer City Court.

Heard before Hon. WILLIAM JACKSON.

Bill by J. T. Crofford and others against the Atlanta, Birmingham & Atlantic Railroad Company and another. From a decree dismissing the bill, complainants appeal. Affirmed.

ESTES, JONES & WELCH, for appellant. Easement of light, air, view, ingress and egress, are property.—*Jackson v. Bir. F. & M. Co.*, 45 South. 660; *1st Nat. Bank v. Tyson*, 133 Ala. 475; Elliott on Roads & Streets, 961; 4 L. R. A. 193; 14 L. R. A. 370; Ib. 381. The vacating or closing of a street in such manner as to obstruct light, air, view or ingress and egress, constitutes the taking of property within the Constitution.—Authorities supra and 38 L. R. A. 287. The acts of the Legislature and the ordinances of Bessemer authorizing the taking, injuring or destroying of property for public use without compensation are void.—Sec. 235 and 23, Const. 1901; *Jackson v. Bir. F. & M. Co. supra; Miller v. Mobile*, 47 Ala. 163; 82 Ala. 297; 2 S. & P. 190; *Campbell v. Williams*, 127 Ala. 320; 15 646-7. Injunction will lie to prevent the taking, injuring or destroying private property by persons authorized to exercise the right of eminent domain until compensation be paid.—*Neihaus v. Cook*, 134 Ala. 223; *H. A. & B. R. R. Co. v. Matthews*, 99 Ala. 24; 121 Ala. 609; 75 Ala. 280; 119 Ala. 29. This right is not confined to those abutting owners who abut

on that part of the street closed or obstructed but applies to all who are damaged.—Authorities supra.

TILLMAN, GRUBB, BRADLEY & MORROW, for appellee. The provisions of the Constitution preventing corporations invested with the right of eminent domain from injuring property without making compensation therefor were ordained to prevent a corporation shielding itself against liabilities for damages, consequent upon the work, on legislative authority, and to make it answerable as an individual in the absence of legislative authority. —8 L. R. A. 787; 80 Ala. 489; Am. St. Rep. 889; 57 L. R. A. 237; 4 Am. St. Rep. 659; 47 L. R. A. 755; 28 Am. St. Rep. 396; 124 Cal. 274; Lewis Eminent Domain, sec. 236. On these same authorities, property is not injured within the purview of section 235 of the Constitution unless the owner thereof would have a right of action therefor at common law against a natural person or private corporation; nor is property injured within the purview of the provisions of the Constitution requiring the prepayment of compensation therefor, unless some property right or interest which the owner enjoys in connection with the property and not shared or enjoyed by the public at large, is injuriously affected. Property is not injured within the purview of the provisions of the Constitution requiring prepayment of compensation for the permanent obstruction of a highway upon which the property abuts unless the property in question either abuts that part of the highway which is taken or obstructed, or unless the right of access to such property is materially impaired or destroyed.—Authorities supra; *Southern Ry. v. Albes,* 45 South. 244; *Jackson v. Birm. F. & M. Co.,* 45 South. 660; *Mobile R. R. Co. v. Dennis,* 137 Ala. 649. A private individual is not entitled to an action for damages arising from a common or public nui-

sance unless he sustains a special injury different in kind from that suffered by the public generally.—21 A. & E. Ency of Law, 713. A property owner does not suffer an injury different in kind from that suffered by the public at large by the obstruction of a highway upon which his property abuts unless his rights of access to his property is destroyed or unless his property abuts that part of the highway which is obstructed.—*Mobile R. R. Co. Dennis,* 137 Ala. 649; *Buhl v. Ft. Street U. Depot Co.* 23 L. R. A. 392; *Dentzler v. Indianapolis Un. St. Ry. Co.,* 34 L. R. A. 769; *Stanwood v. City of Malden,* 16 L. R. A. 591; *Whitsett v. Union Depot & R. R. Co.,* 10 Colo. 234; 15 Pac. Rep. 339; *East St. Louis v. O'Flynn,* 119 Mo. 59 Am. Rep. 595; *Smith v. Boston,* 7 Cush. 254 Mass; *Glasgow v. St. Louis,* 107 Mo. 204; *McGhee's Appeal,* 114 Pa. 477; *Chicago v. Union Bldg. Assn.,* 102 Ill. 379; *Parker v. Catholic Bishop,* 146 Ill. 158; *Aldrich v. Metropolitan etc. Ry.,* 57 L. R. A. 237; *Cram v. Laconia,* 57 L. R. A. 282; *Heller v. R. R.,* 28 Kan. 625; *Levee Dist. No. 9 v. Farmer,* 101 Cal. 178; *Little Rock R. R. Co. v. Newman,* 108 Am. Rep. 17; *Ind. R. R. v. Everly,* 59 Am. Rep.; Elliott on Roads & Streets, (2nd Ed.) 877. The bill does not make out a case for relief.—*Mobile, etc. R. R. Co. v. Dennis, supra.* The plenary power of the Legislature over streets and highways is such that it may in the absence of special constitutional provisions vacate or discontinue them.— *Southern Ry. Co. v. Albes, supra; Jackson v. Bir. F & M. Co., supra.* A property owner cannot assail the constitutionality of the act of the Legislature vacating a highway unless his property abuts upon that part of the highway which has been vacated.—*Southern Ry. Co. v. Albes, supra; N. & O. D. B. T. Co. v. Karcher,* 112 Ala. 676; Lewis on Eminent Domain, sec. 134; Elliott on Streets & Roads, sec. 877. The closing of an public way

to property does not give the owner thereof a right of action if another way is left open.—*Southern Ry. Co. v. Albes, supra;* 43 N. Y. 399; 55 N. Y. 486; 101 N. Y. 417; 11 Gray, 326; 119 Ill. 206; 15 R. I. 334.

DOWDELL, J.—The only question which differentiates this case from that of *Hall et al. v. Atlanta, Birmingham & Atlantic R. R. Co. et al., Infra,* 48 South. 365, is the one relating to the easement of air, light, and view. Counsel for appellants in their brief say: "This case is very much like the case of *John A. Hall et al. v. Atlanta, Birmingham & Atlantic Railroad Company et al.,* submitted with this case. In fact, the real facts in the two cases are practically the same; but the facts as shown by the two bills are different, in that the bill in this case is more elaborate, and sets out more fully the true statement of facts, and also this bill charges in positive terms the infringement of complainant's easement in the avenues and alleys of light, air, and view. His bill also attacks the constitutionality of the act of the Legislature and the ordinance of the city of Bessemer by which the closing up of the alleys is sought to be justified, and the obstruction of the avenues."

As to the constitutionality of the act of the Legislature and of the ordinance of the municipality referred to, this question was presented and passed on in the case of *Hall et al., supra,* and adversely to the contention of appellants. We do not understand that there is any contention of a want of power on the part of the municipality, under the legislative grant of powers contained in the charter, to pass the ordinance in question; but the contention is that the ordinance is violative of section 235 of the Constitution of 1901, in so far as it authorizes the taking of private property for public use without first making just compensation for the property

taken, injured, or destroyed, etc., as provided by law. It is admitted by the bill that the viaduct being constructed over Berkley avenue was authorized by ordinance of the municipality, and it is not denied that the same is being constructed in conformity with said ordinance. The structure, therefore, being one authorized by law, cannot be said to constitute a public nuisance. The bill shows that the viaduct arches said avenue overhead 30 feet, and that there is a passageway for public travel, left in the middle of the avenue under said arch, 30 feet wide. It is evident, from this, that the right of access of abutting property owners on said avenue to and from their property, is not, by reason of the viaduct, denied them. Moreover, we are of the opinion that the way so left open for public travel is reasonable and convenient.

This brings us to a consideration of the principal question in this case, and one not specially treated of in the Case of *Hall et al., supra,* and that is the one wherein it is charged in the bill: "And complainants further aver that the construction of said embankment and archway and railroad was aforesaid, upon which is to be operated the aforesaid railroad, will greatly obstruct complainants' access to view, light, and air, and would greatly cut off the circulation of air, and would place in said highway an obstruction that would be unsightly to the eye.   *   *   *   And complainants further aver that said fill across said alley will also wholly cut off and obstruct their access to the view, light, and air over the same from toward Fourteenth street and the south, to which they are entitled." The bill shows that the complainants are the owners of lots 1, 2, 3, 4, and 5, each of said complainants owning separately and respectively one of said lots, and that the respondent the Alabama Terminal Railroad Company is the owner of

lots 6, 7, and 8. All of said lots are in the same block, and front on Berkley avenue, and extend back to the alley in question, and all of said lots are of a uniform width of 50 feet. It is further shown that the railroad embankment is entirely on lots 6, 7, and 8, the private property of the respondent the Alabama Terminal Railroad Company, and connecting the fill in the alley and the viaduct or archway over Berkley avenue. The lot of the complainant Crofford is the nearest one of the abutting owners to the point where the viaduct crosses the avenue and to the point where the fill crosses the alley; the distance being not less than 50 feet. The lots of the other complainants abutting on said avenue are still further away, from 100 to 250 feet.

So far as the embankment, which is constructed on the respondent's own private property, affects the complainants' easement of view, light and air, this is a proposition that contains no merit whatever. No one can doubt the right of a party to build on his own land, even though it entirely cuts off the view, light, and air of his neighbor on the side next to such building. As against an adjacent landowner the doctrine of an easement in light, air and view, is not recognized in this state, even though such right or title be based upon a claim by prescription.—*Ward v. Neal*, 37 Ala. 500, which case was followed in *Jesse French Co. v. Forbes*, 129 Ala. 471, 29 South. 683, 87 Am. St. Rep. 71. As to the viaduct over the avenue and the fill in the alley, under the facts stated in the bill as to the distances from complainants' property and the character of the structure, it is difficult to conceive how the complainants can be affected as to air and light. The right of the respondents to cross the avenue with their railroad is not denied; nor is it denied that the manner of the crossing, viz., by the overhead viaduct, is the safest for the public

using said avenue, and the only feasible way of crossing. We are of the opinion that on the facts of this case there is no such taking, destroying, or injuring of the complainants' property, within the meaning of section 235 of the Constitution of 1901, as would authorize interference by a court of chancery in the exercise of its restraining powers.

Our conclusion is that the bill is without equity, and the decree dismissing the same will be affirmed.

Affirmed.

TYSON, C. J., and SIMPSON, ANDERSON, and DENSON, JJ., concur.