(97 South. 706)

**B. F. WHITE SACRED HARP MUSICAL SOCIETY OF ALABAMA v. JACKSON et al.    (6 Div. 754.)**

(Supreme Court of Alabama.  Oct. 18, 1923.)

Injunction ⬤—163(3)—Injunction properly dissolved where allegations were denied and funds were in no danger of loss.

In a suit to enjoin persons claiming to be officers from interfering with the management of a society and a proposed convention, an injunction *held* properly dissolved where the allegations of the bill were denied by sworn answer and it appeared that defendants were solvent and that the funds of the society were in no danger of dissipation.

Appeal from Circuit Court, Jefferson County; C. B. Smith, Judge.

Bill of the B. F. White Sacred Harp Musical Society of Alabama against A. A. Jackson and others. From a decree dissolving temporary injunction, complainant appeals. Affirmed.

Powell & Powell, of Birmingham, for appellant.

The bill is for accounting, and alleges the insolvency of respondents ·and misappropriation of funds.  The injunction restraining interference with the management of complainant corporation should not have been dissolved.  14a C. J. 63; Perry v. Tuskaloosa, 93 Ala. 364, 9 South. 217; Crow v. Florence Ice Co., 143 Ala. 541, 39 South. 401; Elliot v. Sibley, 101 Ala. 344, 13 South. 500; Nathan v. Tompkins, 82 Ala. 437, 2 South. 747; Hayes v. Burns, 25 App. D. C. 242, 4 Ann. Cas. 704; 3 Fletcher, Priv. Corp. 2860.

Rudulph & Smith, of Birmingham, for appellees.

Equity of the bill was denied by answer and affidavits, and the trial court, in the exercise of its discretion did not err in dissolving the temporary injunction.  Code 1907, § 4345; Garrett v. Lynch, 44 Ala. 683; Collier v. Faulk, 61 Ala. 105; Hagler v. Jones, 100 Ala. 541, 14 South. 487; Turner v. Stephens, 106 Ala. 546, 17 South. 706; Hays v. Ahlrichs, 115 Ala. 239, 22 South. 465; Howle v. Scarbrough, 138 Ala. 148, 35 South. 113; Harrison v. Maury, 140 Ala. 523, 37 South. 361; Johnson v. Howze, 154 Ala. 494, 45 South. 653; Long v. Shepherd, 159 Ala. 595, 48 South. 675; Weeks v. Bynum, 158 Ala. 231, 48 South. 489.

PER CURIAM.  Complainant, the B. F. White Sacred Harp Musical Society of Alabama, is an incorporation organized, according to its constitution and by-laws, by teachers and leaders of vocal music in the state of Alabama who, "being convinced of the propriety of promoting and advancing the cause of vocal music, have mutually agreed to form themselves into a convention in order to defend and perpetuate the above purpose."  It has adopted as the official book for use in its singing conventions the "B. F. and J. L. White Sacred Harp."  The corporation has officers and trustees, and it has been engaged in promoting the construction of an auditorium in the city of Birmingham for the use of this and similar organizations of singers.  Moneys have been collected, and a site for the structure bought and paid for.  Funds of the society are on deposit with the American Trust & Savings Bank of Birmingham under a contract with complainant by the terms of which the said bank acts as trustee in holding and disbursing money.  Since August, 1921, A. A. Jackson has been holding himself out as president of complainant, and Elizabeth Jackson, his daughter, has been holding herself out as the secretary and treasurer.  There has been some dissension in the ranks of the organization, and two· sets of men are contending in competition for the office of trustee.  The bill in equity here on trial is brought in the name of the corporation against A. A. Jackson, Elizabeth Jackson, and the American Trust & Savings Bank.  It is alleged that said Elizabeth Jackson has not correctly accounted to the corporation for funds which she has collected on account of the proposed building.  It is alleged that said A. A. Jackson and Elizabeth Jackson are not legally entitled, respectively, to the offices of president and secretary-treasurer of the corporation.  An accounting is sought at the hands of said Elizabeth Jackson, and an injunction against interference on the part of said A. A. Jackson and Elizabeth Jackson with the management of the corporation and its property, and from interfering with a proposed convention of the

---

⬤—For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

society which was to have been held in the latter part of August, 1922. Bond having been made, a temporary injunction was issued out of the circuit court of Jefferson county sitting in equity on July 1, 1922. Defendants having filed their sworn answer, a motion was made for the dissolution of the temporary injunction. The motion came on for hearing on the pleadings and affidavits submitted by both sides, and the temporary injunction was by the court dissolved on August 11, 1922. This was some two weeks prior to the date of the proposed convention at which it was suggested by the bill defendants Jackson might interfere with the regular proceedings of the society. Complainant has appealed from the order dissolving the injunction, and that is the case presented here.

The record is voluminous, covering more than 300 pages, and extensive briefs have been filed on both sides. We have carefully considered the case, and in our opinion it is clear that the action of the trial court in dissolving the injunction was free from error. Johnson v. Howze, 154 Ala. 494, 45 South. 653; Turner v. Stephens, 106 Ala. 546, 17 South. 706; Harrison v. Maury, 140 Ala. 523, 37 South. 361; Howle v. Scarbrough, 138 Ala. 148, 35 South. 113.

The allegations of the bill on which its equity rests are denied in the sworn answer of defendants; it is made to appear by the answer and affidavits that defendant A. A. Jackson is solvent and has property which can be made to respond to any money decree in this cause; it is not suggested that the funds of the society on deposit under the trust agreement with the bank are in any danger of loss or dissipation. Many affidavits are submitted relating to the correctness of the accounting heretofore made to the society by defendant Elizabeth Jackson, but the determination of this question must properly go to the final submission of the case. There is apparently no danger to the society in the possible loss of other assets. The seriously contested issue as to who are the legal officers of the society must go to the final submission, and there is no necessity for an injunction pendente lite. As said in Johnson v. Howze, 154 Ala. 494, 45 South. 653:

"As indicated, the gist of the controversy is which set of officers is entitled to the positions, and, therefore, to the funds received, receivable, and to be disbursed under the rules and regulations of the order. Whether the one set or the other is finally found thus entitled, the only mischief, aside from the misappropriations of the funds charged on the one side and with explicit and full allegations denied on the other, to which the order will be subjected, is that always incidental to such factional contests as this is shown to be. The continuance of the injunction could not operate to induce harmony and allay strife under such circumstances, and the injury to the order consequential upon the existence of the state of hostility thus pervading almost the whole membership of the order in this state is, and must necessarily be, beyond the effect of any order or judgment of the civil courts. It cannot be assumed, in the face of the denials of the answer, that the misconduct charged against the respondents in the handling of the funds belonging to the order are true, or that irreparable injury will attend, or even has attended, the reception by respondents of funds drawn from the membership under the rules of the association."

The judgment of the circuit court, in equity, is affirmed.

Affirmed.

ANDERSON, C. J., and SOMERVILLE, THOMAS, and BOULDIN, JJ., concur.

NOTE.—The foregoing opinion was prepared by Justice McCLELLAN before his resignation, and is adopted by the court.