243 So.2d 661

Elaine A. MARKSTEIN

v.

**CITY OF BIRMINGHAM, a Municipal Corporation, et al.**

6 Div. 770.

Supreme Court of Alabama.

Jan. 28, 1971.

Markstein & Morris, Birmingham, for appellant.

**552**

Sam R. Shannon, Jr., and J. H. Crow, III, Birmingham, for City of Birmingham.

John S. Foster, Birmingham, for Jefferson County, Cooper Green, Tom Pinson and E. H. Gilmore, Members of Jefferson County Commission.

MERRILL, Justice.

This appeal was the result of plaintiff's motion for a nonsuit, due to the sustaining of demurrers to the complaint as last amended.

Plaintiff-appellant alleged in effect that she owned valuable residential property in the City of Birmingham, which abutted Henrietta Road and Crest Road, that the property was served by access to those roads, that the construction of the "Red Mountain Expressway" had resulted in these roads being "blocked and severed and the access in an easterly direction formerly enjoyed by Plaintiff's property along said streets has been destroyed, and a cul-de-sac has been formed where said streets have been cut or blocked by said Expressway." It was also alleged that "Plaintiff's said land, as above described, is located in close proximity although not im-

mediately contiguous to said Expressway, but the value of Plaintiff's land was substantially damaged by reason of the construction of said Expressway," and that "the remaining access in a westerly direction still available to the Plaintiff was and is not reasonably adequate, as compared with the access available to the Plaintiff before the construction of said Expressway." As used in this and similar cases, a cul-de-sac is a "dead end" not originally in a road, street, alley or way, but a barricade which obstructed the road, street, etc., because of the vacation of part of it, or an obstruction such as a fill, a deep cut, a fence or building across the street, road, etc., resulting in a "dead end."

The City of Birmingham and Jefferson County were made parties respondent and plaintiff claimed $20,000.00 as damages, based upon section 235 of the Alabama Constitution of 1901.

This case presents and requires a choice between the "cul-de-sac" rule, as advocated by appellant, or what we denominate as the "reasonable access test" which was applied by the trial court and supported here by appellees.

Appellant correctly states the cul-de-sac rule to be that "Municipal and other corporations and individuals invested with the privilege of taking property for public use are liable for consequential damages resulting from a cul-de-sac created by the construction or enlargement of its or their works, highways, or improvements." Cited in support of this proposition are "In Re Vacation of Part of Melon Street, 182 Pa. 397, 38 Atl. 482 (1897)" and "Bacich v. Board of Control of California, 23 Cal.2d 343, 144 P.2d 818 (1943)." We do not think McEachin v. City of Tuscaloosa, 164 Ala. 263, 51 So. 153, is apt authority because it is not a cul-de-sac case.

In our cases of Walls v. C. D. Smith & Co., 167 Ala. 138, 52 So. 320, and Chichester v. Kroman, 221 Ala. 203, 128 So. 166, we held that the owner of land abutting a street, part of which is vacated or ob-structed, has no right to damages unless his land abuts the vacated or obstructed part, or unless reasonable access is denied as a result of the vacation or obstruction.

In Southern Railway Co. v. Ables, 153 Ala. 523, 45 So. 234, and Walls v. C. D. Smith & Co., supra, we held that the bill in *Ables,* and the complaint in *Walls,* were demurrable because there was no averment that the plaintiff's land abutted that part of the street which was obstructed or vacated.

In Hall v. Atlanta, B. & A. R. R. Co., 158 Ala. 271, 48 So. 365, we said:

"This matter has been so recently considered by this court it seems useless to cite the numerous authorities elsewhere on the subject. This court has held distinctly that the Legislature has the power to vacate streets, either by direct act, or by act authorizing the municipal authorities to do so, and that a property owner does not bring himself within the protection of section 235 of the Constitution of 1901, unless he shows that he is an 'abutting owner.'—Southern Ry. Co. v. Ables [153 Ala. 523], 45 South. 234, 235; Jackson v. Birmingham Foundry, etc., Co. [154 Ala. 464], 45 South. 660. Beyond the abutting owner, the only limit to the power of the Legislature to abolish a street is that the property owners along the street shall not be deprived of a 'convenient and reasonable outlet to neighboring thoroughfares.'—Jackson v. Birmingham, etc., Co., supra; Elliott on Roads & Streets (2nd Ed.) § 878. The bill in this case does not claim that complainants have been deprived of a reasonable outlet, but only that one end of the alley is obstructed. This act, then, is not violative of section 235 of the Constitution of 1901."

We concede, as appellant points out in brief, that the first reference, supra, to section 235 of our Constitution should have read "section 23" because the cited cases were under section 23, and this court said it "inadvertently referred to section 235"

in Duy v. Alabama Western Railway Co., 175 Ala. 162, 174, 57 So. 724, 727. There is no question but that the *Hall* case was considered under section 235 (it was cited in briefs of both parties), or that the basis of the decision in the *Hall* case was section 235 of the Constitution.

We note that section 235, which begins "Municipal and other corporations and individuals invested with the privilege of taking property for public use, * * *" does not apply to eminent domain proceedings initiated by the State. State v. Barnhill, 280 Ala. 574, 196 So.2d 691; Finnell v. Pitts, 222 Ala. 290, 132 So. 2.

We quote two cases from other jurisdictions. In the older case of Cram v. City of Laconia, 71 N.H. 41, 51 A. 635, it was said:

"* * * The doctrine that the abutter is entitled to damages arising from discontinuance of any part of the street, interfering in any degree with any means of access to his property, with no limit but the rule of remoteness, and this although the street in front of the abutter remains undisturbed, and he still has communication therefrom with the general system of streets, strikes us as unsound in principle, difficult of application, and opposed to the great weight of authority. * * * The sounder and better doctrine, in every way, is that declared in Smith v. City of Boston (7 Cush. 254), and the long line of cases following it, to which we have called attention, viz., that a discontinuance which leaves undisturbed the highway in front of the abutter's premises, and leaves him connection therefrom with the general system of streets, is not a destruction or impairment of any vested right, and furnishes no cause of action for damages. * * *"

In State ex rel. State Highway Commission v. Silva, 71 N.M. 350; 378 P.2d 595, the court said:

"We think the better rule, and the weight of the more recent decisions, is that one whose property abuts upon a road or highway, a part of which is closed or vacated, has no special damage if his lands do not abut upon the closed portion thereof, if there remains a reasonable access to the main highway system. If one has the same access to the road or highway upon which his property abuts as before the closing of a portion thereof and there remains a reasonable, even though more circuitous, access to the general highway system, his injury is the same in kind, even though greater in degree, as that suffered by the general public and is damnum absque injuria."

In 1931, the Supreme Court of North Carolina adopted the cul-de-sac rule, but in 1965, in Wofford v. North Carolina State Highway Commission, 263 N.C. 677, 140 S.E.2d 376, the 1931 decision was overruled and that court adopted what we have called the reasonable access test. In addition to the three states already cited, at least twenty other jurisdictions apply the reasonable access test as opposed to the cul-de-sac rule, and the more recent cases appear to be unanimous in that approach.

We have applied the reasonable access test to the State of Alabama under section 23 of the Constitution and we see no reason why the same rule should not be applied to road building and construction by our municipal corporations.

We hold that where a street is partially vacated or obstructed, with no portion of the vacated or obstructed part abutting the land of the owner claiming damages on account of such vacation or obstruction, the owner is not entitled to damages if, despite the vacation or obstruction, he has reasonable access over the street abutting his land to the general street or highway system.

Here, the allegations of appellant's bill showed that before the obstruction (the deep cut for the Red Mountain Expressway), she had four accesses to and from her property, two in an easterly direction

and two westerly; that she was deprived of the two easterly accesses because of the construction of the Expressway, and that the two remaining "are not reasonably adequate as compared with" the conditions prior to the obstruction.

Under our cases where, as here, the demurrer pointed out that the complaining property owner had not alleged that she was an abutting owner to the part of the street that was vacated or obstructed, and that the bill showed on its face that reasonable access had not been denied her as a result of the vacation or obstruction, the trial court correctly sustained the demurrer.

We find no reversible error.

Affirmed.

HEFLIN, C. J., and LAWSON, HARWOOD, MADDOX and McCALL, JJ., concur.