The majority is correct in its initial statement of the law pertaining to special injury in obstructed roadway cases. InAyers v. Stidham, 260 Ala. 390, 71 So.2d 95 (1954) it was stated:
 When a road is shown to be a public road, a private individual is entitled to an injunction against . . . obstruction thereon when he has sustained special injury different, not merely in degree, but in kind
from that suffered by the public at large. (emphasis added)
The reasoning behind this limitation is apparent. An obstruction to a public road is an injury to an infinite number of people; *Page 304 
it is in effect a public nuisance which the government should initiate action against for the benefit of the public. To allow each individual who experienced inconvenience in access to a desired destination to successfully prosecute his own action would quite possibly lead to justice for no one. Only, then, when there is a special injury to an individual is that individual correct in bringing an action against such a nuisance.
Until today the cases have found the element of special injury satisfied only when the roadway abutting the complainant's property was obstructed, and reasonable access to and from that property was denied as a result. These cases are correct because the owner of non-abutting property sustains an injury no different in kind from that of the general public. The majority, in fact, rely on these cases to show special injury, yet from its opinion it appears without dispute that the Polk property did not abut the obstructed road, and was not even within the same subdivision in which the obstruction occurred.
In Markstein v. City of Birmingham, 286 Ala. 551,243 So.2d 661 (1971) an individual brought suit against the City of Birmingham for an obstruction to roadways serving her property. On demurrer her complaint was held bad in that she had not alleged that she was an abutting owner and that on its face her complaint showed she had reasonable access. We affirmed the trial court and in our discussion cited, among other cases,State ex rel. State Highway Commission v. Silva, 71 N.M. 350,378 P.2d 595 (1963) which said:
 If one has the same access to the road or highway upon which his property abuts as before the closing of a portion thereof and there remains a reasonable, even though more circuitous, access to the general highway system, his injury is the same in kind, even though greater in degree, as that suffered by the general public and is damnum absque injuria.
In the present case however the complainant's property did not abut the obstructed road, hence the sole fact that they would have to take a more circuitous route to the river does not set them apart from the indefinite number of other individuals who may have likewise been inconvenienced. Therefore, complainants did not show the special injury which the law requires of an individual who brings an action against the obstruction of a public road. For this reason I am unable to agree with the majority and would reverse.
If it is the intent of the majority to change the law regarding special injury, and extend it beyond the boundary line our cases have previously marked, then it should squarely say so. But the effect of such a holding will be to allow any person who can show some inconvenience an action against a public nuisance. I do not believe that this is what the law has allowed up to now and I find no reason in the majority opinion for changing the law at this time.
FAULKNER, J., concurs.