The parties were divorced in December 1988. Several posttrial motions were timely filed and were ultimately denied on April 28, 1989. On June 2, 1989, the husband filed with the trial court an Alabama Rules of Civil Procedure Rule 60(b) motion for relief from the April 28, 1989, judgment. Subsequently, on June 7, 1989, the husband filed a timely notice of appeal from the April 28, 1989, judgment to this court. During the pendency of this appeal, the trial court entered an order dated August 14, 1989, granting the husband's Rule 60(b) motion for relief from judgment. Upon the husband's request, this court dismissed his appeal.
The wife did not appeal from the August 14, 1989, judgment. However, on November 1, 1989, the wife filed a Rule 60(b)(4) motion with the trial court, contending that the August 14, 1989, judgment was void and should be set aside. Such request was denied, and the wife timely appeals to this court.
The only issue properly before us is whether the trial court's order of August 14, 1989, is void.
At the outset we note that the denial of the wife's Rule 60(b)(4) motion is an appealable order. Raine v. First WesternBank, 362 So.2d 846 (Ala. 1978). However, it is well settled that the denial of a Rule 60(b) motion does not bring up for review on appeal the correctness of the judgment which the movant seeks to set aside, but rather is limited to deciding the correctness of the denial of the Rule 60(b)(4) motion.
Further, we note that a judgment is void if the court rendering it lacks jurisdiction over the subject matter or over the parties. McNutt v. Beaty, 370 So.2d 998 (Ala. 1979). Therefore, we must determine whether the trial court had jurisdiction to consider or pass upon the husband's Rule 60(b) motion during the pendency of his appeal to this court.
The wife contends that, once the husband filed a notice of appeal to this court, the trial court lost jurisdiction to rule upon the pending Rule 60(b) motion before it. We disagree.
After a review of Rule 60(b) and the applicable case law, we find no rule or case which divests the trial court of jurisdiction to rule upon a Rule 60(b) motion while an appeal is pending. In fact, the federal courts have specifically held that the trial courts retain jurisdiction to consider and deny Federal Rules of Civil Procedure Rule 60(b) motions during the pendency of an appeal. Ferrell v. Trailmobile, Inc.,223 F.2d 697 (5th Cir. 1955). The court reasoned in Ferrell that, since a F.R.Civ.P. *Page 1241 
Rule 60(b) motion does not toll the time for filing a notice of appeal,
 "a party who considered himself entitled to relief both under Rule 60(b) and also by appeal, might, on occasion, be required to elect between the two remedies, if appeal deprived the [trial] court of jurisdiction to consider the motion under Rule 60(b)."
223 F.2d at 699.
We also point out that, pursuant to A.R.Civ.P. Rule 60(b), the only requirement concerning the interplay of the filing of a Rule 60(b) motion and a notice of appeal is that "[l]eave to make the motion need not be obtained from any appellate court except during such time as an appeal from the judgment is actually pending before such court." Here, however, the husband filed his Rule 60(b) motion with the trial court prior to filing his notice of appeal. Therefore, no such "request for leave" was necessary.
In view of the above we find that the trial court did not lose jurisdiction to enter the August 14, 1989, order; therefore, the order is not void, and the trial court was correct in denying the wife's A.R.Civ.P. Rule 60(b)(4) motion.
This case is due to be affirmed.
AFFIRMED.
ROBERTSON and RUSSELL, JJ., concur.