Richard Green brought an action under the Legal Services Liability Act, § 6-5-570 et seq., Ala. Code 1975, against Kathleen M. Nemish, the attorney who had been appointed by the Houston Circuit Court to represent Green in a criminal matter. Green alleged that Nemish had failed to exercise reasonable professional diligence while defending him, specifically alleging that she had failed (1) to contact witnesses, (2) to file timely motions to suppress illegally seized evidence and to suppress statements, (3) to properly conduct a pre-trial investigation, and (4) to protect his constitutional right to effective assistance of counsel. The trial court dismissed Green's action, with prejudice, stating that the matters alleged were subject to review only by a petition filed pursuant to Rule 32, Ala.R.Crim.P. Green appeals the dismissal. We reverse and remand.
The issue is whether Green, as a criminal defendant, could prove any set of facts that would support a claim for damages based upon the alleged malpractice of his court-appointed lawyer.
On review of a judgment of dismissal, the judgment is not entitled to a presumption of correctness. Allen v. Johnny BakerHauling, Inc., 545 So.2d 771, 772 (Ala.Civ.App. 1989). The appropriate standard of review is whether the plaintiff could prove any set of circumstances that would entitle the plaintiff to relief. Rule 12(b)(6), Ala. R.Civ.P.; Raley v. Citibanc ofAlabama/Andalusia, 474 So.2d 640, 641 (Ala. 1985); Hill v.Falletta, 589 So.2d 746 (Ala.Civ.App. 1991). In reviewing a dismissal, this Court does not consider whether the plaintiff will ultimately prevail, but only whether the plaintiff may possibly prevail. Fontenot v. Bramlett, 470 So.2d 669, 671
(Ala. 1985); Rice v. United Ins. Co. of America, 465 So.2d 1100,1101 (Ala. 1984). A dismissal is proper only when it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim that would entitle the plaintiff to relief. Garrett v. Hadden, 495 So.2d 616, 617 (Ala. 1986); Hillv. Kraft, Inc., 496 So.2d 768, 769 (Ala. 1986). A dismissal is different from a summary judgment, and more difficult to obtain than a summary judgment. To get a summary judgment, the movant must show that there is no genuine issue of material fact and that the movant is entitled to a judgment as a matter of law. Rule 56(c), Ala.R.Civ.P.; Bussey v. John Deere Co.,531 So.2d 860 (Ala. 1988).
It is clear that a criminal defendant for whom a lawyer is appointed may subsequently *Page 245 
sue the lawyer for legal malpractice. Hines v. Davidson,489 So.2d 572 (Ala. 1986); Mylar v. Wilkinson, 435 So.2d 1237 (Ala. 1983). It is plain that, given a conceivable set of facts, Green could be entitled to relief under his malpractice claim. Legal malpractice claims are not superseded by the remedies provided by Ala.R.Crim.P. 32. Therefore, the dismissal of Green's complaint, based on the holding that Green was limited to relief under Rule 32, Ala.R.Crim.P., was error.
Accordingly, the judgment of dismissal is reversed and the cause is remanded.
REVERSED AND REMANDED.
ALMON, HOUSTON, KENNEDY and COOK, JJ., concur.