The plaintiff, Pauline Foreman, appeals from a summary judgment in favor of the defendants, the State of Alabama, the State Highway Department, and Mack Roberts as the director of the State Highway Department.[1] This appeal involves Foreman's allegations that State roadbuilding activities near her home have wrongfully interfered with her property.
The planned route for Interstate Highway 210 in Mobile County takes road construction near Foreman's residence, and the shoulder area adjoining that roadway would include a small corner (.002 of an acre) of Foreman's yard. Foreman sold the State the corner of her yard, and sometime later road construction began approximately a block and a half away from that corner property and Foreman's remaining property. Foreman alleged that this construction produces unduly loud noise, causes her utilities to be cut off at times, occurs at unreasonable hours, and has caused damage to her house. She sued for damages and injunctive relief on a claim that the defendants were negligent in their construction practices; she sought compensation for the alleged inverse condemnation of her remaining property and damages for an alleged fraud in the inducement of her conveyance of the corner of her yard.
The defendants sought a summary judgment based on two grounds. Specifically, they argued that they were entitled to a judgment on the basis of sovereign immunity, and, also, that they were entitled to a judgment on the basis of a release executed by Foreman as a part of the conveyance. The trial court granted the defendants' summary judgment motion, but did not state which of the asserted grounds it based the summary judgment on. In reviewing that judgment, we examine both grounds asserted by the defendants.[2]
The release, which the defendants say bars Foreman from pursuing her claims, provided:
 "The grantor herein [Foreman] further . . . agree[s] that the purchase price above-stated is in full compensation to [her] . . . and hereby releases the State of Alabama and all of its employees and officers from any and all damages to [her] remaining property . . . arising out of the location, construction, improvement, landscaping, maintenance or repair of any public road or highway that may be so located on the property herein conveyed."
R. 27. (Emphasis added.)
This language clearly and unambiguously purports to release the State and its employees and officers as to specific things occurring "on the property herein conveyed." None of Foreman's claims relate to things occurring "on the property herein conveyed," the corner she sold the State. Rather, she complains of things she alleges have occurred on property other than that conveyed by her. In short, this release has no bearing on the plaintiffs claims involved in this appeal, and we must conclude that the defendants were not entitled to a judgment on the basis of the release.
This brings us to the question whether, as defendants contend, the summary judgment *Page 305 
should be affirmed on the basis of their claimed immunity.
Although Foreman has appealed from a summary judgment in favor of all three defendants, on the sovereign immunity question she develops only questions whether immunity for State officials is applicable here as to the negligence and inverse condemnation claims. As indicated, the only State official in this case is the director of the State Highway Department. Because Foreman does not develop the argument that the trial court erred with respect to the State and the Highway Department on the question of their immunity, we must affirm the judgment for the State and the Department as to the negligence and inverse condemnation claims.[3] See Spradlin v.Spradlin, 601 So.2d 76 (Ala. 1992);
Foreman also does not support her argument that the defendants had no immunity as to the fraud claim. Therefore, we affirm the summary judgment for all defendants on that claim.
We now turn to the arguments developed by Foreman on appeal. They relate to the inverse condemnation claim and the negligence claim against the director, and whether these claims are precluded by sovereign immunity.
As to the inverse condemnation claim, we observe that valid inverse condemnation claims pose an exception to sovereign immunity. In Ex parte Carter, 395 So.2d 65, 68 (Ala. 1980), we specifically stated that actions not prohibited by the sovereign immunity granted under Article I, § 14, of the Alabama Constitution of 1901, include "valid inverse condemnation actions brought against State officials in their representative capacity."
"Inverse condemnation is defined as the taking of private property for public use without formal condemnation proceedings and without just compensation being paid by a governmental agency or entity which has the right or power of condemnation."Carter, 395 So.2d at 67.
Here, the director takes issue with Foreman's claim of a "taking." The director concedes that Foreman has alleged injury to her property, but he suggests that because she does not allege that construction is actually taking place on her remaining property, there can be no "taking" of that property. However, a "taking" does not require that the State literally occupy Foreman's remaining property. "[I]n inverse condemnation actions, a governmental authority need only occupy or injure
the property in question." Jefferson County v. Southern NaturalGas Co., 621 So.2d 1282 (Ala. 1993). (Emphasis added.)
We are unpersuaded that Foreman has failed to allege a valid cause of action for inverse condemnation as to her remaining property, and, consistent with Carter, we hold that the director was not entitled to a summary judgment on the ground of substantive immunity. Given that we also hold that Foreman's release is inapplicable to the claims at issue here, we reverse that portion of the judgment relating to the inverse condemnation claim as to the director, and we remand the cause to the trial court for further proceedings.
Finally, Foreman argues, in regard to her negligence claim, that whether the director was engaged in a discretionary function and was thereby protected by substantive immunity from that claim is a question for the trier of fact. Foreman says that, therefore, the summary judgment for the director was inappropriate as to the negligence claim. We disagree. " '[W]hether a particular defendant is engaged in a protected discretionary function and is thereby immune from liability for injuries he causes is a question of law to be decided by the trial court." ' Phillips v. Thomas, 555 So.2d 81, 84
(Ala. 1989), quoting Grant v. Davis, 537 So.2d 7, 8 (Ala. 1988). *Page 306 
Based on the foregoing, we affirm as to all claims except the inverse condemnation claim as it relates to the director; as to that claim we reverse.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
HORNSBY, C.J., and COOK, J., concur.
INGRAM and BUTTS, JJ., concur specially.
[1] Mack Roberts no longer holds that office.
[2] To some extent, Foreman argues on appeal that she produced substantial evidence as to the elements of her claims. Thus, we emphasize that the merits of Foreman's specific claims — i.e., questions whether she could prove the elements of her claims — were not before the trial court on the defendants' motion for a summary judgment, and we do not address them here.
[3] Apparently directed toward the director's claim of immunity, the plaintiff does quote Phillips v. Thomas, 555 So.2d 81, 84
(Ala. 1989): "Clearly, a state officer or employee is not protected by [immunity] when he acts . . . fraudulently. . . ." Foreman does not allege that the director made any false statement, and, therefore, in no way addresses how this quote from Phillips applies.