The Birmingham Airport Authority petitions for a writ of mandamus directing the Jefferson Circuit Court to set aside an order granting a Rule 60(b), Ala.R.Civ.P., motion for relief from a judgment, filed by Huddie *Page 758 
Dansby and Associates ("Dansby"). The action to which this mandamus petition relates arose from a dispute between the Authority and Dansby concerning an agreement for Dansby to perform a land survey for the Authority. The dispositive issue is whether the circuit court abused its discretion in granting Dansby's motion for relief from a judgment.
The Authority refused to pay for what it characterized as unsatisfactory performance of services and services performed outside the terms of the contract. Based upon this refusal to pay, Dansby brought an action against the authority in the Circuit Court of Jefferson County. Because of the complex issues involved, the parties agreed to settle the dispute through arbitration. According to the exhibits supporting the Authority's petition, the Authority made repeated attempts to encourage Dansby's attorney to do his part in submitting the claim to arbitration, but Dansby's attorney failed to respond. The Authority's exhibits include four letters mailed by its attorney to Dansby's attorney concerning arbitration. In particular, the Authority's attorney included in one letter an "arbitration submission" and the Authority's share of the arbitration filing fee and in another letter included a copy of the rules of the American Arbitration Association. According to the Authority, Dansby did not respond, and Dansby makes no showing to the contrary.
The circuit court dismissed Dansby's action, with prejudice, for failure to prosecute the action, after neither party attended a status conference scheduled for April 22, 1991. Although the Authority was not notified of the dismissal, Dansby received notification. Three years later, Dansby filed a Rule 60(b), A.R.Civ.P., motion in the circuit court in an attempt to obtain relief from the April 1991 judgment dismissing its action with prejudice. Dansby also filed a motion to compel arbitration. Before filing these motions, Dansby had taken no action whatever regarding its dispute with the Authority. In fact, the Authority did not even receive notice of the motion for relief from judgment.
Notwithstanding the fact that the Authority was unable to file a response or to participate in the hearing on the motion for relief from judgment, the circuit court granted the Rule 60(b) motion in April 1994. Not until the Authority's attorneys attended the hearing on the motion to compel arbitration did they learn of Dansby's success on its Rule 60(b) motion. The Authority filed a motion asking the court to set aside its reinstatement of Dansby's action, but the circuit court denied this motion in July 1994. In its order denying the motion, the circuit court indicated that it had granted Dansby's Rule 60(b) motion because the parties continued to have a "live dispute" and because it was the Authority's responsibility to submit the dispute to arbitration. This petition for the writ of mandamus followed.
Rule 60(b), A.R.Civ.P., includes the following provisions:
 "On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; . . . or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than four months after the judgment, order, or proceeding was entered or taken."
It is well established that the Rule 60(b) categories for relief are mutually exclusive and that the grounds for relief under Rule 60(b)(1) "cannot be valid grounds under Rule 60(b)(6), in the absence of aggravating circumstances sufficient to permit the trial court to say that the case is properly within 60(b)(6)." Chambers County Comm'rs v. Walker,459 So.2d 861, 865 (Ala. 1984); Hill v. Townsend,491 So.2d 237, 239 (Ala. 1986); Barnett v. Ivey, 559 So.2d 1082, 1084
(Ala. 1990). Furthermore, a party may not simply characterize its Rule 60(b)(1) motion as falling under Rule 60(b)(6), to escape the four-month time limitation imposed by Rule 60(b)(1).Ex parte Hartford Ins. Co., 394 So.2d 933, 936 (Ala. 1981).
The record reflects no justification for Dansby's failure to pursue its claims for three years after the dismissal of its action *Page 759 
against the Authority. It appears, at best, that Dansby's attorney failed to respond to the dismissal for reasons of "mistake, inadvertence, surprise, or excusable neglect." Although the Authority did not receive notice of the dismissal, it is undisputed that Dansby received notice. During the intervening three years, the Authority made numerous attempts to correspond with Dansby's attorney for the purpose of initiating arbitration. Thus, the Authority did its part in pursuing arbitration of this dispute. Moreover, the assertion that the dismissal was due to be set aside because it was the Authority's responsibility to submit the dispute to arbitration is without merit, because it was Dansby who brought this action, and Dansby agreed to submit it to arbitration. The circuit court's acceptance of Dansby's argument that reinstatement of the action was warranted under Rule 60(b)(6) simply because there was a "live dispute" was error.
Dansby did not show, in any materials submitted with this petition, any exceptional or aggravating circumstances warranting the granting of the Rule 60(b) motion. Even if Dansby were able to identify any exceptional circumstances, a three-year delay is not "reasonable" within the terms of Rule 60(b)(6), under the circumstances. Barnett, supra, at 1084. Therefore, we must conclude that the circuit court abused its discretion in reinstating Dansby's action pursuant to Dansby's Rule 60(b)(6) motion. The circuit court is directed to set aside its order granting that motion and reinstating Dansby's action.
WRIT GRANTED.
HOOPER, C.J., and ALMON, HOUSTON, INGRAM, and BUTTS, JJ., concur.