MONROE, Judge.
This is an inverse condemnation ’ case brought pursuant to Art. XII, § 235, Ala. Const.1901.
The appellants, Foy Calhoun and several other persons, own real property in Elba, Alabama. The Coffee County Commission established a landfill near their properties in October 1993. The ■ landowners filed sworn statutory claims against the County Commission pursuant to § 6-5-20, Ala.Code 1975; in those claims they alleged that the landfill had devalued their property and threatened contamination of their water supply. The County Commission denied all of the claims.
The landowners sued the County Commission. Count One of their complaint alleged that the Commission had failed to provide them with a safe water supply; Count Two alleged that the location of the landfill constituted an unconstitutional taking of their properties without just compensation. Exhibits attached to the complaint included copies of the demands made on the Commission and the Commission’s denials, as well as a copy of the Alabama Department of Environmental Management (ADEM) report regarding the potential contamination that the landfill could cause. The Commission filed a motion to dismiss the complaint pursuant to Rule 12(b)(6), Ala. R. Civ. P., for failure to state a claim for which relief can be granted. The trial court granted the motion. The landowners filed a postjudgment motion, which we construe as a motion to alter, amend, or vacate the judgment. The trial court denied that motion. The landowners appeal.
In reviewing a Rule 12(b)(6) dismissal, we must determine whether, “under a provable set of facts [and] upon any cognizable theory of law,” the ■ allegations of the complaint, including the exhibits incorporated therein by reference, state a claim upon which relief can be granted. Childs v. Mississippi Valley Title Insurance Co., 359 *757 So.2d 1146 (Ala.1978). It is well settled that a complaint is to be liberally construed. Boykin v. Arthur Andersen & Co. 639 So.2d 504 (Ala.1994); Rule 8(f), Ala. R. Civ. P. “A dismissal is proper only when it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim that would entitle the plaintiff to relief.” Green v. Nemish, 652 So.2d 243 (Ala.1994). Thus, we are not to determine whether the plaintiffs will prevail, but only whether the plaintiffs may possibly prevail. Id. at 244. Furthermore, on review, we must construe the allegations of the complaint so as to resolve in favor of the plaintiffs all doubts concerning the sufficiency of the complaint. Boykin, 639 So.2d at 507.
The landowners argue only that the trial court improperly dismissed Count Two of their complaint. In dismissing that claim, the trial court stated that there was no direct physical invasion onto the landowners’ properties and that such an invasion was required to support an inverse condemnation claim.
In support of their, claim, the landowners submitted the ADEM report, which states that the aquifers in the area of the landfill are “considered susceptible to contamination.” That report also notes that “most of the residences within a mile radius of the site are on private water supplies.” However, the report states that a creek probably serves as a hydraulic boundary for the wells and that the wells “are not considered to be in danger of contamination by the landfill.” The landowners also cite other forms of injury to their properties, such as foul odors, noise, vermin, and garbage that finds its way onto their land.
Our Supreme Court has stated:
“Section 235 specifically requires municipalities and other corporations ‘invested with the privilege of taking property for public use’ to make ‘just compensation’ for ‘property taken, injured, or destroyed by the construction or enlargement of its works, highways, or improvements,’ where there is evidence of some direct physical injury to the property.”
Jefferson County v. Southern Natural Gas Co., 621 So.2d 1282 (Ala.1993) (citation omitted).
“ ‘Inverse condemnation is defined as the taking of private property for public use without formal condemnation proceedings and without just compensation being paid by a governmental agency or entity which has the right or power of condemnation.’ ” Foreman v. State, 676 So.2d 303, 305 (Ala.1995) (quoting Ex parte Carter, 395 So.2d 65, 67 (Ala.1980)). However, a “taking” does not require that the governmental agency has literally occupied the plaintiffs property. “In inverse condemnation actions, a governmental authority need only occupy or injure the property in question.” Jefferson County, 621 So.2d at 1287 (emphasis added).
In Foreman, supra, the Supreme Court held that a plaintiff had stated a valid cause of action by alleging that highway construction “produces unduly loud noise, causes her utilities to be cut off at times, occurs at unreasonable hours, and ... caused damage to her house.” 676 So.2d at 304. Thus, the Court reversed a summary judgment in favor of the State on the plaintiffs inverse condemnation claim. Id. at 305. Likewise, in Dykes v. City of Mountain Brook, 628 So.2d 713 (Ala.Civ.App.1993), this court reversed a summary judgment for the City on the plaintiffs’ inverse condemnation claim based on the City’s placement of an athletic complex near the plaintiffs’ homes; the plaintiffs claimed a resulting diminution in the market value of their homes.
The landowners in the present ease have alleged injuries arguably more severe than those claimed in Foreman and Dykes. Thus, construing the allegations in the complaint in favor of the landowners, we determine that they could conceivably prove facts that would entitle them to relief. The judgment dismissing the plaintiffs’ complaint is reversed, and the cause is remanded for proceedings consistent with this opinion.
REVERSED AND REMANDED.
ROBERTSON, P.J., and YATES and THOMPSON, JJ., concur.
CRAWLEY, J., recuses.