826 So.2d 118 (2002)
Donald WILLIS
v.
UNIVERSITY OF NORTH ALABAMA.
1001007.
Supreme Court of Alabama.
January 18, 2002.
*119 J. Wilson Mitchell of Yates, Mitchell, Bernauer & Winborn, Florence, for appellant.
J.A. Keller, Florence; and Preston S. Trousdale, Jr., of Jones & Trousdale, Florence, for appellee.
James C. Pennington of Ogletree, Deakins, Nash, Smoak & Stewart, P.C., Birmingham; C. Glenn Powell, Tuscaloosa, for The University of Alabama; Lee F. Armstrong, Auburn, for Auburn University; Randall M. Woodrow of Doster & Woodrow, Anniston, for Jacksonville State University; and Jean Walker Tucker, Mobile, for University of South Alabama, for amici curiae The University of Alabama, Auburn University, Jacksonville State University, University of South Alabama, and Troy State University, in support of the application for rehearing.
Edward S. Allen and James A. Bradford of Balch & Bingham, L.L.P., Birmingham, for amicus curiae Alabama Power Company, in support of the application for rehearing.
Jim R. Ippolito, Jr., chief counsel, and R. Mitchell Alton III, asst. counsel, Alabama Department of Transportation, for amicus curiae Alabama Department of Transportation, in support of the application for rehearing.

On Application for Rehearing.
HOUSTON, Justice.
The opinion of July 13, 2001, is withdrawn and the following is substituted therefor.
Donald Willis owns a house in Florence. Across the street from it is a parking lot, owned by the University of North Alabama ("UNA") and used by its students. When Willis learned that UNA planned to construct a multi-level parking deck on the parking lot, he listed the house for sale with a real-estate agent. However, he received no offers to buy the house, even when he reduced the asking price from $169,500 to $139,500. Then, Willis, through his daughter, Pamela Maxwell, approached UNA officials and asked them if UNA would purchase the house. They declined, stating that UNA could not afford to buy the house because the building costs for the parking deck had exceeded the amount UNA had budgeted for the project.[1]
Willis filed an inverse-condemnation action against UNA, based on the allegation that UNA "took" his property without "just compensation," in violation of § 23 and § 235 of the Alabama Constitution of 1901. He sought damages from UNA because, he says, the construction of the parking deck damaged his property and caused the value of his property to decrease substantially. UNA moved for a *120 summary judgment. After conducting a hearing, the trial court entered a summary judgment for UNA, writing in its order: "It is assumed for [the] purposes of this motion that the size, location, and eventual operation of the parking deck does substantially reduce the value of [Willis's] property." (R. at 139.) Willis appealed.
"When reviewing a ruling on a motion for a summary judgment, this Court applies the same standard that the trial court used `in determining whether the evidence before the court made out a genuine issue of material fact.' Bussey v. John Deere Co., 531 So.2d 860, 862 (Ala.1988). When a party moving for a summary judgment makes a prima facie showing that there is no genuine issue of material fact and that the movant is entitled to a judgment as a matter of law, the burden shifts to the nonmovant to present substantial evidence creating a genuine issue of material fact. Bass v. SouthTrust Bank of Baldwin County, 538 So.2d 794, 797-98 (Ala.1989). `Substantial evidence' is `evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved.' West v. Founders Life Assur. Co. of Florida, 547 So.2d 870, 871 (Ala.1989). In reviewing a ruling on a motion for a summary judgment, this Court views the evidence in the light most favorable to the nonmovant and entertains such reasonable inferences as the jury would have been free to draw. Renfro v. Georgia Power Co., 604 So.2d 408, 411 (Ala.1992)."
City of Orange Beach v. Duggan, 788 So.2d 146, 149 (Ala.2000).
Willis first argues that when UNA built the parking deck across the street from his house and thereby caused his property to decrease in value, UNA "injured" his property, without providing him just compensation, and thus violated § 235, Alabama Constitution of 1901. The trial court held that UNA was not subject to § 235 because, it held, that constitutional provision does not apply to the State and, because UNA is an agency of the State, does not apply to UNA. We agree.
Section 235 reads, in part:

"Municipal and other corporations and individuals invested with the privilege of taking property for public use, shall make just compensation, to be ascertained as may be provided by law, for the property taken, injured, or destroyed by the construction or enlargement of its works, highways, or improvements, which compensation shall be paid before such taking, injury, or destruction."
(Emphasis added.) We agree with Willis's argument that UNA is, in fact, a corporation. We recognize that UNA's enabling legislation, codified at Ala.Code 1975, § 16-51-1 et seq., created UNA as a corporation. For example, § 16-51-1 refers to UNA as "a body corporate," and § 16-51-2 speaks of the "rights, privileges and franchises" and the "corresponding duties, liabilities and responsibilities" of "[s]uch corporation." (Emphasis added.)
Although we conclude that UNA is a corporation, we do not agree with Willis's argument that its corporate nature makes it subject to § 235. Instead, we conclude that UNA is not subject to § 235, because UNA is a part of the State and § 235 does not apply to the State.
This Court consistently has held that § 235 does not apply to the State. See Markstein v. City of Birmingham, 286 Ala. 551, 554, 243 So.2d 661 (1971); Finnell *121 v. Pitts, 222 Ala. 290, 292, 132 So. 2 (1930); and Duy v. Alabama W. Ry., 175 Ala. 162, 173, 57 So. 724 (1911). This Court also has held that universities, such as UNA, that are founded by the State and that are under the State's control, are part of the State. In Cox v. Board of Trustees of the University of Alabama, 161 Ala. 639, 49 So. 814 (1909), the Court held that the University of Alabama, which was formed under enabling legislation nearly identical to that related to UNA (see Ala. Code 1975, § 16-47-1 et seq.), is a public institution and is part of the State. 161 Ala. at 648, 49 So. at 817.
We note another reason UNA is not subject to § 235: By the terms of § 14, Alabama Constitution of 1901, UNA is immune from lawsuits that might be filed pursuant to § 235. Section 14 provides "[t]hat the State of Alabama shall never be made a defendant in any court of law or equity." In Cox, this Court held that "public institutions created by the [S]tate purely for ... educational purposes are a part of the [S]tate ... [and] are not subject to suit under § 14 of the Constitution of 1901." 161 Ala. at 649, 49 So. at 817. We conclude, based on the rationale in Cox, that § 14 protects UNA, a public educational institution, from claims brought under § 235.
Willis next contends that UNA violated § 23, Alabama Constitution of 1901, by taking his property without just compensation. Section 23 provides, in relevant part, that "private property shall not be taken for, or applied to public use, unless just compensation be first made therefor." UNA argues that § 23 does not apply to this case because UNA did not physically take Willis's property or apply Willis's property to public use during the construction of the parking deck. We agree.
Foreman v. State, 676 So.2d 303 (Ala. 1995), involved an inverse-condemnation action in which compensation was sought under § 23 of the Constitution of Alabama of 1901. In Foreman, this Court held that in "`inverse condemnation actions, a governmental authority need only occupy or injure the property in question.'" 676 So.2d at 305 (quoting Jefferson County v. Southern Natural Gas Co., 621 So.2d 1282, 1287 (Ala.1993)) (emphasis added in Foreman). However, in Jefferson County, the Court was applying § 235 of the Alabama Constitution, not § 23. As we have already noted, § 235 does not apply to the State. Finnell v. Pitts, 222 Ala. 290, 132 So. 2 (1930). To the extent that Foreman (and Barber v. State, 703 So.2d 314 (Ala. 1997), which relied on Foreman), held that under § 23 "`a governmental authority need only occupy or injure the property in question,'" those holdings are incorrect and are hereby overruled.
For summary-judgment purposes, the trial court assumed that Willis's property was injured ("the size, location, and eventual operation of the parking deck does substantially reduce the value of [Willis's] property"); however, since no portion of Willis's property was "taken," or applied to public use by UNA, UNA was not required to compensate Willis under § 23 of the Constitution.
The trial court did not err in granting UNA's summary-judgment motion. The summary judgment is affirmed.
APPLICATION GRANTED; OPINION OF JULY 13, 2001, WITHDRAWN; OPINION SUBSTITUTED; AFFIRMED.
LYONS, BROWN, HARWOOD, and STUART, JJ., concur.
WOODALL, J., concurs specially.
*122 MOORE, C.J., and SEE, J., concur in the result.
JOHNSTONE, J., dissents.
WOODALL, Justice (concurring specially).
I concur, because I am convinced that the absence of any direct physical injury to Willis's property precludes his inverse-condemnation action claiming compensation under § 23 of the Constitution of Alabama of 1901. To the extent that Foreman v. State, 676 So.2d 303 (Ala.1995), and Barber v. State, 703 So.2d 314 (Ala.1997), held that no direct physical injury was required to support such a claim, I agree that those cases should be overruled. However, it must be noted that both of those cases involved property that had been physically damaged by the State's construction activities.
JOHNSTONE, Justice (dissenting).
I respectfully dissent. Injuring Willis's property without compensating him does violate § 23, Alabama Constitution of 1901, which does apply to the UNA, in that injuring the property is taking it to the extent of the injury. When one man has killed another, we say that the killer has taken the other's life. This ordinary English usage is a good reason why we should not only reverse the summary judgment against Willis but also respect our own precedents of Foreman v. State, 676 So.2d 303 (Ala.1995), and Barber v. State, 703 So.2d 314 (Ala.1997), as well as the doctrine of stare decisis.
NOTES
[1] An appraisal dated January 6, 2000, valued the house at $139,500. Maxwell Supplemental Affidavit, Exhibit A. (R. at 90-101.) The appraiser had valued the property "as if no plans existed to build the parking deck in order to establish a value on [the] property for [UNA's] consideration to purchase." (R. at 93.)