This appeal arises from the dismissal of an action brought in the Baldwin Circuit Court by Access Capital, Inc., as the *Page 1128 
assignee of John Michaels (who had been doing business as "Kasada"), seeking to recover from Uptown, Inc., the sum of $13,500.54 (plus interest and costs) allegedly due on an open account and alternatively on an account stated. Attached to Access Capital's complaint were copies of four invoices Michaels had issued to Uptown for various articles of clothing delivered during August and September; each invoice indicated that the invoice had been sold to Access Capital and that payment of the invoice should be made to Access Capital. Pursuant to subsections (6) and (7) of Rule 12(b), Ala.R.Civ.P., Uptown filed a motion to dismiss, alleging that the complaint failed to state a claim upon which relief could be granted and that Access Capital had improperly failed to join two necessary parties (i.e., Michaels and Karen Sadaka, who is presumably a principal of Kasada) that it contended should have been joined under Rule 19, Ala.R.Civ.P.
On November 20, 2002, the trial court granted the motion to dismiss. Although the trial court's judgment of dismissal initially stated that counsel for Access Capital had failed to appear at a hearing on the motion to dismiss, it later amended its judgment in response to a motion filed by Access Capital to specifically state that its dismissal was based upon Rules 12 and 19, Ala.R.Civ.P., i.e., its conclusions that the complaint failed to state a valid claim and that Access Capital had failed to join a necessary party.[1]
On appeal from the judgment of dismissal, Access Capital contends that the trial court erred in dismissing the action. Access Capital argues that the dismissal is not defensible on either stated basis. Having received no brief from Uptown, we now consider the merits of Access Capital's arguments.
As to the trial court's conclusion that the complaint failed to state a valid claim, we note that the applicable standard of review militates strongly in favor of reversal:
 "On review of a judgment of dismissal [for failure to state a claim], the judgment is not entitled to a presumption of correctness. The appropriate standard of review is whether the plaintiff could prove any set of circumstances that would entitle the plaintiff to relief. In reviewing a dismissal, [an appellate court] does not consider whether the plaintiff will ultimately prevail, but only whether the plaintiff may possibly prevail. A dismissal is proper only when it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim that would entitle the plaintiff to relief."
Green v. Nemish, 652 So.2d 243, 244 (Ala. 1994) (citations omitted).
In this case, the trial court erred in concluding that Access Capital could not possibly prevail on its claims. The complaint states, in language substantially parallel to that contained in Forms 5 and 6 appearing in Appendix I to the Alabama Rules of Civil Procedure, that Uptown owes Access Capital $13,500.54 on an open account or, alternatively, on an account stated; those forms "are sufficient under the rules [of Civil Procedure] and are intended to indicate the simplicity and brevity of statement which the rules contemplate." Rule 84, Ala.R.Civ.P. Moreover, four specific invoices issued by Michaels to Uptown and sold to Access Capital were appended to the complaint; pursuant to Rule 10(c), Ala.R.Civ.P., those invoices constitute a part of the complaint and tend to support Access Capital's allegations that *Page 1129 
it is owed the sums it seeks.[2] Because it does not appear beyond doubt from the face of the complaint that Access Capital can prove no set of facts in support of its claim that would entitle the plaintiff to relief, we must conclude that the trial court erred in reaching a contrary conclusion.
Similarly, we conclude that the trial court erred in dismissing the action for failure to join a party required to be joined under Rule 19, Ala.R.Civ.P. That rule requires joinder of persons as parties if (1) complete relief cannot be accorded without those persons among the parties already participating in an action, or (2) those persons claim an interest relating to the subject of an action and are so situated that disposition of the action in their absence may impair or impede protection of that interest or leave a current party in the action subject to a substantial risk of incurring multiple or inconsistent obligations. In this case, however, the invoices attached as exhibits to Access Capital's complaint indicate that Access Capital is the assignee of rights to payment from Uptown that Michaels would otherwise have retained as a virtue of having supplied goods to Uptown and that Access Capital is, therefore, the sole interested party plaintiff; indeed, the invoices note that payment of moneys to parties other than Access Capital "does not constitute payment of [those invoices]."
Professors Wright, Miller, and Kane note in their discussion of the federal rule analogous to Rule 19[3] that "[a]n assignor of rights and liabilities under a contract generally is not needed for a just adjudication of a suit brought by the assignee." 7 Charles A. Wright et al., Federal Practice Procedure § 1613 (3d ed. 2001) (citing, among other authorities, Hallman v. Safeway Stores, Inc., 368 F.2d 400
(5th Cir. 1966) (assignor of contract to purchase real estate who had no interest in outcome of assignee's suit for specific performance of contract was not a necessary party to suit)). Although Uptown may or may not have a basis for asserting claims against Michaels and/or Sadaka, claims that might be litigated more conveniently as third-party claims in the present action, the potential existence of such claims does not make Michaels or Sadaka "necessary" parties under Rule 19. See Byczek v.Boelter Cos., 230 F. Supp.2d 843, 845 (N.D.Ill. 2002).
Based upon the foregoing facts and authorities, the judgment dismissing Access Capital's claims with prejudice is due to be reversed, and the cause remanded for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
YATES, P.J., and CRAWLEY, THOMPSON, and MURDOCK, JJ., concur.
[1] Because that motion, which invoked Rule 60(b), Ala.R.Civ.P., as a basis for relief, was filed before the appeal was taken, leave from this court to file the motion was not required. Harville v. Harville,568 So.2d 1239, 1241 (Ala.Civ.App. 1990).
[2] We note, however, that two documents attached to Access Capital's brief labeled "Exhibit A" and "Exhibit D" do not appear in the record. We have not considered these exhibits in deciding the appeal, as "[t]he record on appeal cannot be supplemented or enlarged by the attachment of an appendix to an appellant's brief." Goree v. Shirley, 765 So.2d 661,662 (Ala.Civ.App. 2000).
[3] "Federal authorities are persuasive when interpreting the Alabama Rules of Civil Procedure." Rowan v. First Bank of Boaz, 476 So.2d 44, 46
(Ala. 1985). *Page 1130