YATES, Presiding Judge,
dissenting.
The majority relies on Willis v. University of North Alabama, 826 So.2d 118 (Ala.2002), in affirming without an opinion the trial court’s partial summary judgment in favor of the State in this inverse-condemnation case. However, I believe that Willis is distinguishable from this case. In Willis, there was a complete absence of any direct physical injury to the plaintiffs property, which precluded his recovery for inverse condemnation under § 23 of the Constitution of Alabama of 1901.[1] In the present case, James Pool’s property was allegedly damaged because of flooding on his property from a recently constructed *575 highway.[2] I do not believe that the supreme court intended to preclude inverse-condemnation actions where there is actual physical damage to property caused by the State’s construction activities. See Willis, 826 So.2d at 122 (Woodall, J., concurring specially). Therefore, I dissent.

. The State had previously condemned a portion of Pool's property to acquire sufficient

. The plaintiff in Willis claimed that a parking deck constructed next to his property substantially devalued his property, thus injuring his property, and was a "taking” of property without just compensation. *575 land for the highway.