PER CURIAM.
Lester L. Davis appeals from the Montgomery Circuit Court’s dismissal of his complaint, which alleged violations of inmate Michael E. Thatch’s civil rights. See 42 U.S.C. § 1983. We reverse the circuit court’s judgment and remand the case with instructions.
Davis filed a complaint requesting that the circuit court issue a declaratory judgment and grant injunctive relief against the named defendants — Governor Bob Riley, Department of Corrections Commissioner Donal Campbell, and Attorney General Troy King — for allegedly conspiring to deprive Thatch (Davis’s brother), who was incarcerated at Holman Correctional Facility (“Holman”), of his “life, liberty, and property” in denying Thatch proper medical care for a terminal illness. Davis also sought compensatory and punitive damages.
In his complaint, Davis, who is himself incarcerated, asserted that Thatch had been previously diagnosed with cancer at Holman. Davis further averred that the medical staff and hospital ward at Holman were ill-equipped to offer proper medical attention to Thatch and that Davis had requested that his brother be moved to a different prison facility that could offer “proper” treatment for Thatch’s cancer.[1] Davis further requested that the circuit court issue a declaratory judgment finding that Holman’s lack of proper medical facilities constituted “cruel and unusual punishment” pursuant to the Eighth Amendment to the United States Constitution. On April 21, 2005, before service had been perfected on the named defendants, the circuit court, on its own motion, dismissed Davis’s complaint with prejudice, stating, in pertinent part:
“The Court has also reviewed the complaint in this case and, ex mero motu, finds that it fails to state a claim upon which relief can be granted. Plaintiff seeks substantial damages because his brother, an inmate, has been denied adequate medical care. Plaintiff lacks standing to pursue the claim. See Robinson v. Hadden, 537 So.2d 931 (Ala.Civ.App.1988).”
Davis appealed; the Alabama Supreme Court transferred this appeal to this court pursuant to § 12-2-7(6), Ala. Code 1975.
“ ‘On review of a judgment of dismissal [for failure to state a claim], the judgment is not entitled to a presumption of correctness. The appropriate standard of review is whether the plaintiff could prove any set of circumstances that would entitle the plaintiff to relief. In reviewing a dismissal, [an appellate court] does not consider whether the plaintiff will ultimately prevail, but only whether the plaintiff may possibly prevail. A dismissal is proper only when it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim that would entitle the plaintiff to relief.’ ”
Access Capital, Inc. v. Uptown, Inc., 863 So.2d 1127, 1128 (Ala.Civ.App.2003) (quoting Green v. Nemish, 652 So.2d 243, 244 (Ala.1994)).
Davis argues on appeal that the circuit court abused its discretion in dismissing his claim sua sponte, on the basis of a lack *1053 of standing, before service of process had been perfected upon the named defendants and without allowing him to amend his complaint. We agree.
It is uncertain from the circuit court’s judgment whether the dismissal is based upon a lack of standing or upon a failure of Davis to demonstrate that he is the real party in interest to litigate claims arising from the treatment of Thatch’s cancer. Our Supreme Court distinguished the principles of “real party in interest” and “standing” in State v. Property at 2018 Rainbow Drive, 740 So.2d 1025 (Ala.1999):
“There are fundamental differences between the principles of ‘real party in interest’ and ‘standing.’ ‘“[T]he real party in interest principle is a means to identify the person who possesses the right sought to be enforced. Therefore, the term directs attention to whether [the] plaintiff has a significant interest in the particular action he has instituted.”’ Dennis v. Magic City Dodge, Inc., 524 So.2d 616, 618 (Ala.1988) (quoting 6 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 1542 (1971)).
“Standing, on the other hand, turns on ‘whether the party has been injured in fact and whether the injury is to a legally protected right.’ Romer v. Board of County Comm’rs of the County of Pueblo, 956 P.2d 566, 581 (Colo.1998) (Kourlis, J., dissenting)(emphasis added). See also NAACP v. Town of East Haven, 892 F.Supp. 46 (D.Conn.1995). ‘One has standing to bring his complaint into court “if his stake in the resolution of that complaint assumes the proportions necessary to ensure that he ivill vigorously present his case.”’ Smith v. Potts, 293 Ala. 419, 422, 304 So.2d 578, 580 (1974)(emphasis added).”
740 So.2d at 1027-28.
We cannot conclude from the abbreviated record in this case that Davis can prove “no set of facts” entitling him to relief based upon his allegations regarding Thatch’s treatment. With respect to standing, 42 U.S.C. § 1983 has been construed by our Supreme Court to permit survivorship, under Alabama law governing wrongful-death claims, of claims brought under that statute. See Carter v. City of Birmingham, 444 So.2d 373, 380 (Ala.1983). Although Davis has not alleged in his complaint that he is the personal representative of his brother’s estate so as to empower him to bring a wrongful-death action under Alabama law, Davis is not required to prove his capacity to sue in the absence of a defendant’s specific denial, under Rule 9(a), Ala. R. Civ. P., of his capacity to sue. See Alabama Power Co. v. White, 377 So.2d 930, 934 (Ala.1979). Thus, to the extent that the circuit court’s judgment is based upon Davis’s lack of standing to sue, that judgment is premature.
With respect to the issue whether Davis is the real party in interest, we note that Rule 17(a), Ala. R. Civ. P., provides, in pertinent part:
“Every action shall be prosecuted in the name of the real party in interest. An executor, administrator, guardian, bail-ee, trustee of an express trust, a party with whom or in whose name a contract has been made for the benefit of another, or a party authorized by statute may sue in that person’s own name without joining the party for whose benefit the action is brought. No action shall be dismissed on the ground that it is not prosecuted in the name of the real party in interest until a reasonable time has been allowed after objection for ratification of commencement of the action by, or joinder or substitution of, the real party in interest; and such ratification, *1054 joinder, or substitution shall have the same effect as if the action had been commenced in the name of the real party in interest.”
(Emphasis added.)
The record reveals that Davis filed his complaint on April 18, 2005, and that the circuit court dismissed Davis’s complaint three days later. Because the circuit court did not allow Davis a “reasonable time” to amend his complaint to assert that he was the real party in interest, we must remand this case to the circuit court with directions to reinstate Davis’s action, to allow Davis an opportunity to amend his complaint, and to direct that service be perfected on the named defendants. In making this determination, we do not address the merits of Davis’s claims or whether any or all the defendants may be entitled to immunity from suit or liability.
REVERSED AND REMANDED.
CRAWLEY, P.J., and PITTMAN, J., concur.
THOMPSON, MURDOCK, and BRYAN, JJ., concur in the result, without writing.

. The record on appeal does not indicate whether Thatch was living or deceased at the time that Davis filed his complaint.