BRYAN, Judge,
dissenting.
On original submission, the wife presented argument challenging one of the grounds upon which the husband based his summary-judgment motion, i.e., the *764 ground that the divorce judgment limited the trial court’s jurisdiction to a period of 45 days following the entry of the divorce judgment. However, the wife did not present argument challenging the second ground upon which the husband based his summary-judgment motion, i.e., the ground that the wife’s claim for a rule nisi was barred because it was a compulsory counterclaim that she was obligated to plead in response to the husband’s December 18, 2002, motion.
Because “an appellate court[, subject to exceptions not applicable in this case,] can affirm a summary judgment on any valid argument, regardless of whether the argument was presented to, considered by, or even rejected by the trial court,” Ex parte Ryals, 773 So.2d 1011, 1013 (Ala.2000) (citing Ex parte Wiginton, 743 So.2d 1071 (Ala.1999), and Smith v. Equifax Servs., Inc., 537 So.2d 463 (Ala.1988)) (emphasis added), the wife, in order to win a reversal of the summary judgment, was obligated to present not only argument successfully challenging the first ground of the summary-judgment motion but also argument successfully challenging the second ground of the summary-judgment motion. See Foreman v. State, 676 So.2d 303 (Ala.1995), overruled on other grounds by Willis v. University of North Alabama, 826 So.2d 118 (Ala.2002) (affirming a summary judgment in favor of two of the three appellees because, on appeal, the appellant presented argument challenging only one of the two grounds upon which those ap-pellees had based their summary-judgment motion).
I note that the main opinion does not address the merits of the second ground upon which the husband based his summary-judgment motion. If it did so, it would violate the well-established principle that “it is not the function of an appellate court to create, research, or argue an issue on behalf of the appellant.” Gonzalez v. Blue Cross/Blue Shield of Alabama, 760 So.2d 878, 883 (Ala.Civ.App.2000).
Therefore, because the wife presented argument successfully challenging only one of the two grounds upon which the husband based his summary-judgment motion, I respectfully dissent from the grant of the wife’s application for rehearing and the reversal of the summary judgment.
PITTMAN, J., concurs.