On Application for Rehearing

MOORE, Judge.
On application for rehearing, Scott Christopher Hobbs (“the father”) argues that this court should have held that, although his Rule 60(b)(6), Ala. R. Civ. P., motion was based on grounds more appro *534 priately addressed under Rule 60(b)(1), his motion was due to be granted due to “exceptional circumstances.” See Ex parte Birmingham Airport Auth., 678 So.2d 757 (Ala.1996). The father contends that he could not have filed a Rule 60(b)(1) motion in the trial court within the four-month deadline set out in Rule 60(b) because both he and Dorarena Kay Heisey (“the mother”) had divested that court of jurisdiction by filing notices of appeal during that period. Thus, he argues, his only avenue of relief was under Rule 60(b)(6). We reject that argument.
Had the father filed a Rule 60(b)(1) motion before the appeals had been filed, the trial court would have had jurisdiction to rule on that motion. Harville v. Harville, 568 So.2d 1239, 1241 (Ala.Civ.App.1990). Further, even after the notices of appeal had been filed, the father could have sought leave from this court to file a Rule 60(b)(1) motion. Id. Had this court granted leave, the motion would have been deemed filed in the trial court on the date the motion to leave was filed with this court. Rule 60(b), Ala. R. Civ. P. In either case, the father could have timely filed his Rule 60(b)(1) motion; therefore, there are no exceptional circumstances that would justify treating his motion as a Rule 60(b)(6) motion.
Further, in the father’s brief in support of his application for rehearing, he states that “this Court has recognized that he should have been afforded relief from the judgment, albeit under Rule 60(b)(1).” We note that we did not so hold. Instead, this court merely recognized that the father’s motion would have been more appropriately characterized as a Rule 60(b)(1) motion for relief from judgment. We expressed no opinion as to whether the father would have ultimately prevailed if he had filed a timely motion pursuant to that subsection.
For the foregoing reasons, we overrule the application for rehearing.
APPLICATION OVERRULED.
THOMPSON, P.J., and PITTMAN, BRYAN, and THOMAS, JJ., concur.