*362 MOORE, Judge,
concurring in part and dissenting in part as to the opinion and dissenting as to the denial of rehearing.
I concur in part and dissent in part as to the majority opinion, and I respectfully dissent from the majority’s decision to overrule Jefferson County’s application for a rehearing.
Jefferson County’s complaint, which was filed in the district court, stated, in pertinent part:
“$2,228.75 Principal
“$ 13.92 Interest
“$ 744.12 Attorney fees
“$2,986.79 Total claimed PLUS court costs of $135.00....
[[Image here]]
“(7) Sewer Service Fund Fees”
Jefferson County attached copies of the statements of sewer-system liens that it had placed on three properties owned by the Hilgerses, which were associated with the unpaid sewer-service charges Jefferson County sought to recover in it complaint.
“It is well settled that a complaint is to be liberally construed.” Calhoun v. Coffee County Comm’n, 706 So.2d 755, 757 (Ala.Civ.App.1997). Under a liberal construction, Jefferson County’s complaint stated a claim for both the unpaid sewer-service charges and the enforcement of the liens. After a trial, the district court entered a monetary judgment in favor of Jefferson County. The Hilgerses appealed to the circuit court. Jefferson County moved for a summary judgment. The circuit court initially entered a summary judgment in favor of Jefferson County enforcing the liens. Subsequently, the circuit court amended its judgment to award Jefferson County a monetary judgment on the unpaid sewer-service charges.
Although I agree with the majority opinion that, on an appeal from the district court, the circuit court lacked jurisdiction to enforce the liens against the Hilgerses,[3] I agree with Jefferson County’s argument in its rehearing brief that, on an appeal from the district court, the circuit court did, in fact, have jurisdiction to award a monetary judgment for the unpaid sewer-service charges.[4] Similarly, the circuit court also had jurisdiction to address the Hilgerses’ third-party claims of negligence and breach of contract against the WWB. Accordingly, I conclude that the appeal should not be dismissed insofar as it addresses the circuit court’s judgment on the unpaid sewer-service charges and its dismissal of the Hilgerses’ third-party complaint against the WWB; instead, this court should address the merits of the Hilgerses’ appeal with regard to those portions of the judgment.
Based on the foregoing, I concur with the majority opinion’s dismissal of the appeal with regard to the enforcement of the liens against the Hilgerses; however, I dissent to the majority opinion’s dismissal of the appeal with regard to the judgment for Jefferson County on the unpaid sewer-service charges and with regard to the third-party complaint.
PITTMAN, J., concurs.

. Alabama Code 1975, § 11-48-33, provides that an action to enforce a lien must be initially filed in circuit court.

. Alabama Code 1975, § 12-12-31(a), provides: "The district court shall exercise exclusive jurisdiction over all civil actions in which the matter in controversy, exclusive of interest and costs, does not exceed three thousand dollars ($3,000).”