SHAW, Justice
(concurring specially).
It is incorrect to say that M & N Materials, Inc. (“M & N”), cannot receive compensation for any taking of its property in this case: according to M & N, it can seek compensation for a violation of its 5th and 14th Amendment rights, and it could have sought to challenge the zoning regulations in this case as arbitrary and capricious. See 143 So.3d at 41 (Moore, C.J., concurring specially). Notwithstanding my personal opposition to the notion of an uncompensated regulatory taking, I cannot change the Alabama Constitution to provide a remedy that has not existed in 138 years. Thus, I concur to overrule the applications for rehearing, as they do not convince me that our original opinion in this case “overlooked or misapprehended” the facts or law. Rule 40(b), Ala. R.App. P.
*49 As framed by the arguments on appeal, this case purportedly involves, among other things, the proper interpretation of two “eminent-domain” provisions of our Constitution of 1901: art. I, § 23, and art. XII, § 235. These constitutional provisions require that governmental entities acting to “take” private property for public use provide “just compensation” to the private-property owner.[6]
Section 235 governs the “taking” of property by municipalities and corporations that have been “invested with th[is] privilege.” As the numerous authorities in our opinion on original submission note, § 235 does not make compensable “regulatory takings”; instead, “the taking, injury, or destruction of property must be through a physical invasion or disturbance of the property ... not merely through administrative or regulatory acts.” Town of Gurley v. M & N Materials, Inc., [Ms. 1110439, Dec. 21, 2012] 143 So.3d 1, 13 (Ala.2012).
Section 23 broadly references the exercise of the power of eminent domain. As noted in our opinion on original submission in the instant case, Willis v. University of North Alabama, 826 So.2d 118 (Ala.2002), indicates that § 23 also applies to the “physical” taking of property and not a “regulatory” taking.[7] Thus, § 23 and § 235 are in harmony: they both require just compensation for a “physical” taking of property.
The 5th and 14th Amendments to the Constitution of the United States also address the exercise of eminent-domain powers but have been interpreted differently than § 23 and § 235. Specifically, the Supreme Court has held that the 5th and 14th Amendments can require (in some cases) that just compensation be paid for a “regulatory” taking of property. See, e.g., Lucas v. South Carolina Coastal Council, 505 U.S. 1003, 112 S.Ct. 2886, 120 L.Ed.2d 798 (1992). M & N acknowledges in its brief on rehearing that a claim under federal law for a purported regulatory taking by the Town of Gurley is available to it; however, M & N has instead, among other things, elected to pursue an inverse-condemnation action alleging that the Town of Gurley’s zoning ordinances amounted to a regulatory taking under § 23. Specifically, M & N asks this Court to, for the first time in nearly 138 years,[8] interpret § 23 as embracing the federal regulatory-taking principles, the very principles M & N has not pursued.
*50 To accomplish such an interpretation and apply it in this case, this Court must distinguish Willis or overrule it (which we have not been asked to do). Then, the definition of a “taking” in § 23 must be expanded to something less than an actual physical taking. This would create disharmony with § 235: both regulatory and physical takings would be covered by § 23, but § 235, which explicitly covers takings by municipalities, would, as our caselaw states, require compensation for only physical takings. Section 23 would provide a greater restriction on eminent domain, while municipalities have a freer hand under the more limited definition of a taking under § 235.
Recognizing the inequity this new definition would create between § 23 and § 235, it is suggested that § 23 should be interpreted as essentially trumping § 235 and also regulating all municipal takings. Such an interpretation essentially renders § 235 meaningless: applying an expanded definition of “taking” under § 23 to municipalities would mean that the narrower definition under § 235 would no longer have any practical field of application. In other words, the more expanded definition of a “taking” under § 23 would swallow the limited definition of “taking” under § 235. Again, notwithstanding my opposition to the notion of an uncompensated regulatory taking, to change the interpretation of one section of the Alabama Constitution (§ 23) at the cost of rendering another section (§ 235) irrelevant (all for the purpose of extending a remedy that already exists under federal law) seems to me unnecessary and contrary to my understanding of the concept of judicial restraint.
STUART, J., concurs.

.When governmental entities wish to acquire property for public use, they may pursue what is known as a "condemnation” action. See Ala.Code 1975, §§ 18-1A-20 through -32. If there is a "taking of private property for public use without formal condemnation proceedings and without just compensation being paid by a governmental agency or entity which has the right or power of condemnation,” then the property owner brings what is known as an "inverse condemnation” action seeking such compensation. McClendon v. City of Boat, 395 So.2d 21, 24 (Ala.1981). The Town of Gurley did not institute a condemnation action in this case; instead, M & N argues that the result of the Town’s zoning ordinance is that it has been denied a property interest and is thus entitled to "just compensation.”

. We stated:
"Therefore, it is clear, under the plain language of § 23 and under Willis, that the trial court properly held that § 23 does not apply in this case. It is undisputed that there was not an actual taking in this case and that M & N has complained only of administrative and/or regulatory actions taken by the Town. Willis makes clear that § 23 applies when a physical taking of the property in question has occurred.”
143 So.3d at 44.

. Section 24 of the 1875 Alabama Constitution appears essentially identical to § 23.