BOLIN, Justice
(concurring in the result).
I concur with the main opinion that Asphalt Contractors, Inc. (“ACI”), stated a valid inverse-condemnation claim against the Alabama Department of Transportation (“ALDOT”) based on its allegations, among others, that ALDOT appropriated ACI’s property for public use; that AL-DOT, through John R. Cooper, its director, physically pumped chemically tainted water onto ACI’s property; and that ALDOT did all of these things without initiating eminent-domain proceedings. As stated below, however, my concurrence is based on a different rationale than that of the main opinion; therefore, I concur in the result.
ALDOT claimed that ACI did not state a valid inverse-condemnation claim because it failed to allege that ALDOT had committed an actual physical taking of ACI’s property. As the main opinion states: “ACI has claimed that ALDOT injured its property through the pumping of TCE-laden water onto its land.” 148 So.Sd at 736. See Willis v. University of North Alabama, 826 So.2d 118 (Ala.2002)(holding that an inverse-condemnation claim requires a physical taking of property).
My rationale in this writing is a reiteration of the opinion expressed in my recent dissent in M & N Materials, Inc. v. Simpson, 143 So.3d 1, 50-51 (Ala.2013) (on application for rehearing) (Bolin, J., dissenting from the denial of rehearing and joining Justice Bryan’s special writing), that the Willis decision was wrongly decided and should be overruled. Inverse condemnation is the taking of private property for public use without formal condemnation proceedings and without just compensation being paid by the governmental agency or entity that has the power of condemnation. See Foreman v. State, 676 So.2d 303, 305 (Ala.1995), overruled on other grounds by Willis. This Court’s holding in Foreman allowed for the possibility of compensation under Ala *742 bama’s general eminent-domain provision, § 23, Alabama Constitution of 1901, for injuries to property that were not physical in nature. Foreman, however, was subsequently overruled by Willis on the ground that § 23 requires an actual physical taking of property.
In Willis, Donald Willis, the plaintiff, claimed that a multilevel parking deck being built across the street from his property “damaged his property and caused the value of his property to decrease substantially.” Willis, 826 So.2d at 119 (emphasis added). There is no significant difference between ACI’s assertion in its inverse-condemnation claim that its property was “injured” and Willis’s assertion in his inverse-condemnation claim that his property was “damaged.” Both allege a compensable damage, or injury, to property pursuant to the Alabama Eminent Domain Code, § 18-1A-1 et seq., Ala. Code 1975.
I again submit that § 23 does not require an “actual physical taking” by a con-demnor and that, accordingly, both Willis and ACI alleged a valid inverse-condemnation cause of action. Indeed, it appears that ACI tracked the express operative provision of § 18-1A-32, Ala.Code 1975, which states:
“(a) If property is to be acquired by a condemnor through the exercise of its power of eminent domain, the condem-nor shall commence a condemnation action for that purpose. A condemnor shall not intentionally make it necessary for an owner of property to commence an action in inverse condemnation, to prove the fact of the taking of his property.
“(b) The judgment and any settlement in an inverse condemnation action awarding or allowing compensation to the plaintiff for the taking or damaging of property by a condemnor shall include the plaintiffs litigation expenses.”
(Emphasis added.)
The property owner here, ACI, sought injunctive relief as well as damages based on its allegation that ALDOT, through Cooper, injured and/or damaged its property through the physical dumping of chemically tainted water onto the property. Rather than straining to allow ACI an inverse-condemnation remedy by a different route, the simple — and I submit proper — resolution of the “physical taking” versus “damaging” argument would be to admit that Willis was wrongly decided and to overrule it, allowing ACI and other similar plaintiffs to pursue their statutory remedy for damage to property under the plain, express language of § 18-1A-32.
BRYAN, J., concurs.